(1 Misc. Rep. 240.)

### BARRY v. SMITH.[1]

(Rockland County Court. November, 1892.)

TENANCY AT WILL—WHAT CONSTITUTES.

　　An agreement by which defendant quarries stone from land owned by plaintiff, sells the stone, and pays plaintiff one fifth of the proceeds, no time being specified for its duration, constitutes a tenancy at will.

Summary proceedings to recover possession of land occupied by defendant for the purposes of a quarry. Judgment for plaintiff.

William E. Gowdey, for petitioner.
John J. Mead, for defendant.

WEIANT, J. This is a summary proceeding to recover possession of a parcel of land occupied by the defendant for the purposes of a quarry. In 1885 the parties to this proceeding entered into an agreement under which the petitioner, the owner of the lands in question, gave to the defendant the privilege of engaging in the quarrying business upon her lands, agreed to pay him a daily com-

[1]For opinion on appeal, see 23 N. Y. Supp. 261.

pensation for his labor, and upon sale of the stone taken out by the defendant the proceeds were to be equally divided. The defendant entered into possession of the premises in question under that arrangement, and proceeded to work the quarry thereunder for a short time. Then, by mutual assent, this arrangement was abandoned, and the parties entered into a new agreement, by which the defendant continued in possession of the quarry, and thereafter operated the same. Under the new arrangement the defendant was to take out the stone at his own expense, sell the same, pay the petitioner one fifth of the proceeds thereof, and retain four fifths for himself. No term was mentioned that this relation should continue. The defendant continued to occupy the parcel of land in question from that time until recently under this agreement, taking out the stone, selling the same, and paying over various sums or amounts to the petitioner, from time to time, on account of the fifth part of such proceeds. On July 29, 1892, the petitioner, for the purpose of terminating the right of the defendant to further operate such quarry and to occupy the lands in question, caused a written notice to be personally served on him, requiring him to remove from the said premises on or before September 1, 1892. The defendant refused to remove from the premises, or to surrender possession of them, and this proceeding is brought to recover possession.

The only issue raised by the answer is as to the relation existing between the parties. The petitioner claims that the defendant, under the agreement by virtue of which the latter occupied the premises, became a tenant at will, and that by virtue of section 2231 of the Code of Civil Procedure he is entitled to maintain this proceeding. That section provides that "in either of the following cases a tenant or lessee at will, or at sufferance, or for part of a year, or for one or more years, of real property, * * * may be removed therefrom, as prescribed in this title: (1) Where he holds over and continues in possession of the demised premises, or any portion thereof, after the expiration of his term, without the permission of the landlord." The defendant denies the relation of landlord and tenant, and claims that the statute cited is, therefore, inapplicable. I think the petitioner's position is correct. "The relation of landlord and tenant exists whenever the person in possession of lands or tenements occupies them in subordination of the title of another, and with his assent, express or implied." McAdam, Landl. & T. (2d Ed.) 44. But there must be the conventional relation of landlord and tenant. Benjamin v. Benjamin, 5 N. Y. 383; Matthews v. Matthews, 49 Hun, 346, 2 N. Y. Supp. 121. The evidence discloses such relation between these parties, and as such tenant the defendant paid as rental therefor one fifth of the proceeds of the sales of stone quarried and removed. The defendant's counsel contends that the relation was not one of landlord and tenant, but an occupancy, whereunder the defendant was to work the quarry on shares. If that were so, it would seem that the relation of landlord and tenant did not exist between these parties. McAdam, Landl. & T. 46, and cases there cited; Reynolds v. Reynolds,

48 Hun, 142--144. "The true distinction appears to be that, if there is any provision in the contract for dividing the specific products of the premises, then the parties become tenants in common of the crops, * * * a certain quantity of grain or other article, as a certain number of bushels of grain, or tons of hay," etc., then he is a tenant, and the grain or hay is rent, and the landlord has no interest or title in them until they are delivered to him as rent. McAdam, Landl. & T. 46; Dinehart v. Wilson, 15 Barb. 597; Taylor v. Bradley, 39 N. Y. 129. Here the agreement made no provision for a division of the product. The defendant alone removed the stone, sold the same, and paid one fifth of the proceeds to the petitioner as rental or compensation for the use of the premises, and under the authorities the relation of landlord and tenant existed between the parties, and this proceeding may be maintained. The defendant was a tenant at will. Such a tenancy is said to exist where lands are let by one person to another to have and hold of him at will as lessor. In such case the lessee is called a tenant at will, because he hath no certain sure estate, for the lessor may put him out at what time it pleaseth him. McAdam, Landl. & T. 35, and authorities there cited; Harris v. Frink, 49 N. Y. 24--32. The duration of the tenancy depends upon the concurrence of both parties, and the dissent of either may terminate it. Id. But if the arrangements between the parties be one to occupy the premises on shares, it seems to me that the petitioner is also entitled to his remedy under subdivision 3 of section 2232 of the Code. By that section it is provided that "in either of the following cases a person who holds over and continues in possession of real property, after notice to quit the same has been given, as prescribed in section 2236 of this act, * * * may be removed therefrom as prescribed in this title, * * *: (3) Where he occupies or holds the property under an agreement with the owner to occupy and cultivate it upon shares, or for a share of the crops, and the time fixed in the agreement for his occupancy has expired." The older authorities, holding that summary proceedings could not be maintained in such a case, are of no controlling force under the existing provisions of the Code. They were made at a time when there was no special provision of statute applicable to a case of occupying on shares, and it was held that in case of a holding and occupancy on shares the relation of landlord and tenant did not exist, and summary proceeding was not authorized. Summary proceedings were first extended to persons who held over and continued in possession of real estate occupied or held by them, under an agreement to cultivate the same on shares after the period fixed for such occupancy has expired, by chapter 471 of the Laws of 1874. A similar provision now constitutes subdivision 3 of section 2232 of the Code above quoted, and thus those authorities are now superseded by express statutory provision, authorizing summary proceedings in cases of such holding.

The counsel for the defendant, however, while contending that the relation between the parties was one of occupancy and holding on shares, yet denies the right of the petitioner to maintain this proceeding, under the subdivision of the section of the Code author-

izing the remedy where occupancy is on shares, on the ground that the same is authorized only when "the time fixed in the agreement for his occupancy has expired." He claims that no time for the occupancy having been specified in the agreement, the petitioner cannot maintain this proceeding under that section and subdivision. The language of the Code seems to sustain that contention. No time was fixed for the occupancy by the parties in their negotiations. But it would scarcely be claimed that the legislature intended withholding the remedy in such a case while granting it in all others. May it not be that even where no time is mentioned by the parties in making their agreement, the time is nevertheless fixed by their agreement by applying the rule of law that the time is at the will of either party? The law supplies the omission of the parties, and may it not be said that the parties, knowing the law that in such a case the occupancy is at will, have thus fixed the time by their agreement? In section 2231 of the Code we find that a tenant at will may be removed "after the expiration of his term." Thus, under that section, it is assumed that a tenant at will has a term until terminated by the statutory notice. However, I do not rest my determination upon the right to maintain this proceeding under that section and subdivision of the Code, and do not pass positively upon the question of whether or not the agreement between these parties is one under which the "time fixed in the agreement for his occupancy has expired," within the meaning of the statute. I have not found any authority construing that provision. The petitioner is entitled to an order awarding to her the delivery of the possession of the property, with costs.