McCoun, J.
 

 I am satisfied, the county judge had no authority by law to try the cause without a jury. He states in his return to the
 
 certiorari,
 
 that the defendant appeared before him, upon the summons, and filed an affidavit (which affidavit, it will be seen, fully denied the allegations on which the summons was founded), and thereupon, neither party desiring a jury, he ad
 
 *361
 
 journed tlie cause over to another day, when the parties again appeared, and he proceeded to try it without a jury.
 

 The statute directs, that when such an affidavit of denial is filed, the matters thus controverted shall be tried by a jury (2 B. S. 514, § 34), and upon a verdict in favor of the landlord, it further provides for the issuing of a warrant, and the removal of the tenant. This statutory remedy, by way of summary proceeding, is in derogation of the common-law remedy by action, and must be strictly pursued. A peculiar and limited jurisdiction is thereby conferred on certain magistrates, which can be exercised only in the way prescribed; they have no jurisdiction to try the cause, except by the mode pointed out. The law has made no provision for dispensing with a jury in such cases, even by express waiver or consent; the code exempts proceedings of this sort from its operation (Code § 471), and the waiver of trial by jury, under the code (§ 268), can have no application. But if a jury could be waived by consent in this case, it should be an express consent, and not one tacitly given, or inferred from the silence of the party, or from her merely saying she did not desire a jury. This objection, however, has not been taken upon this appeal, and it is not among the points submitted for our consideration. I shall proceed, therefore, to the points which have been made.
 

 The
 
 certiorari
 
 brought up all the proceedings, including *the evidence given on the trial, as well as the preliminary affidavit, the summons, the judgment, and warrant of removal. It is now made a question, whether all this was properly before the court of review. The plaintiff in the summary proceeding (the appellant here) insists, that the
 
 certiorari,
 
 in these cases, is, in effect, a common-law
 
 certiorari,
 
 upon which the supreme court is confined to questions of jurisdiction, pleadings, process and judgment, and cannot go beyond
 
 *362
 
 such, questions, which belong to the record, in order to pass upon matters of fact which depend upon the weight of evidence.
 

 In
 
 Anderson
 
 v.
 
 Prindle
 
 (23 Wend. 616), the chancellor held, that the supreme court was not limited, in cases of this kind, to the mere question of jurisdiction in the inferior tribunal, and the regularity of its proceedings, but that the statute gave to the court full power to examine, upon the merits, every decision of the judge upon a question of law, and to affirm, reverse or quash the proceedings, as justice should require. That the power to review upon the merits, confers, as a necessary incident to the proper exercise of that power, the right to require the inferior tribunal to return upon the
 
 certi-orari,
 
 such parts of the proceedings as are material to the examination of the case
 
 upon its merits.
 
 A large majority of the court for the correction of errors concurred with the chancellor in affirming the judgment of the supreme court in that case, but, it seems not to have been necessary to the decision, that those views taken of the
 
 certiorari
 
 should have been expressed by the chancellor, because, giving to it the character of a common-law
 
 certiorari
 
 only, it brought up enough of the case to require the supreme court to decide as it did, upon the defect or insufficiency of the primary affidavit, without more.
 

 Accordingly, we find, in a succeeding case, the supreme court still adhering to the opinion that the writ of
 
 certiorari
 
 in these summary proceedings, like the common-law writ, brings up the record only, and not the evidence; for we have Chief Justice Nelson’s opinion, *very explicitly declared, that it was not the business of that court, in these cases, on
 
 certiorari,
 
 to inquire whether mere matters of fact, controverted below, were rightfully or erroneously determined, and
 
 that the certiorari
 
 brings up only the record of the proceedings below, and so much of the facts as may be
 
 *363
 
 material to show the jurisdiction, and to present the questions of law determined in the course of the proceedings, and which may properly constitute a part of the record.
 
 (Post’s Adm’rs
 
 v.
 
 Niblo,
 
 25 Wend. 283.) When this last cause came before the court for the correction' of errors, a very strenuous effort was made by counsel,
 
 arguendo,
 
 against laying any such restriction upon the power of the supreme court in such cases; and the chancellor, taking the lead, and adverting to his former opinion in
 
 Anderson
 
 v.
 
 Prindle,
 
 stated, that he had no doubt a
 
 certiorari
 
 lay, to bring up the evidence, and that the evidence was properly returned in that case, and upon the evidence, he proceeded to give his opinion in favor of affirming the judgment, believing the evidence warranted the finding of the jury; and he, thereupon, introduced a resolution to that effect, which was unanimously adopted by the court. (25 Wend. 312.) The resolution of the highest court of the state, in that instance, would seem to be decisive of the rule on this subject.
 
 [1]
 

 With respect to the case in hand, however, whatever may be the exact province of the writ of
 
 certiorari,
 
 whether to bring up the whole of the evidence or not, one thing is certain, that the court will require as much of the proceedings and evidence to be returned, as is necessary to show that the relation of landlord and tenant existed between the parties. That relation must appear, in the first instance, in order to give the judge or magistrate jurisdiction, except in the other cases mentioned in the statute, where jurisdiction is likewise conferred. Whenever that relation is controverted, it may become a question of law, upon the evidence, whether it exists or not, and the supreme court will cer-
 
 *364
 
 tainiy require the evidence to be returned, to enable ^em determine that *question. Hence it is, that the evidence on the trial, as well as the previous proceedings, and the judgment and warrant, are all returned in this case, and it cannot be doubted, that the same were properly before the supreme court.
 

 The question then is, whether that relation is made out by the evidence? To entitle a party to this summary remedy, it must appear that the relation is a conventional one, created by agreement, not by mere operation of law; this is well settled.
 
 (Evertson v. Sutton, 5
 
 Wend. 281;
 
 Roach
 
 v.
 
 Cosine,
 
 9 Id. 227;
 
 Sims
 
 v.
 
 Humphrey,
 
 4 Denio 186.)
 
 [2]
 
 The relation of landlord and tenant does not necessarily exist, in many cases where the legal ownership is in one person and the possession in another, although .by the express compact of the parties. (Chambers L.
 
 &
 
 T. 12.) It can only arise, where he who is in possession has, by some act or agreement, recognised the other as his lessor or landlord, and taken upon himself the character of a tenant under him, so that he is not at liberty afterwards to dispute his title; and this statutory remedy in favor of a landlord or lessor, can properly be resorted to, only in cases of a holding over, after the expiration of such tenancy. If any other question than such as related to the tenancy and the holding over, is to be litigated between the parties, recourse must be had to an action, instead of this summary proceeding.
 

 Now, the evidence before the county judge falls short
 
 *365
 
 of proving that the defendant had, at any time, acknowledged the plaintiff as her lessor or landlord, or that she had ever placed herself in the condition of a tenant under him. What she told the witness about the plaintiff’s saying to her, she might remain on the premises until the first of April, amounted to nothing, unless she admitted, at the same time, that she had accepted his permission so to remain, and had agreed to be governed by it. It does not appear, that she acceded to his proposition, or assented to become his tenant; the inference is, that she did not, from the denials contained in her affidavit. The affidavit likewise of the plaintiff’s son and agent, made on obtaining the summons, *is peculiar, in regard to the alleged letting of the premises to her, and her occupancy under such letting. It may all be true, as therein stated, and yet she may have had no knowledge of it, much less have come under any engagement or stipulation to hold in pursuance of such letting.
 
 [3]
 

 I think, the affidavit and the subsequent testimony of the witness, were neither of them sufficient to sustain the proceeding, or to warrant the judgment rendered by the county judge, and that the judgment of reversal pronounced by the supreme court must be affirmed.
 

 Judgment affirmed.
 

 [1]
 

 And see Morewood
 
 v.
 
 Hollister, 6 N. Y. 309; Buck
 
 v.
 
 Binninger, 3 Barb. 391; People
 
 v.
 
 Kochester, 21 Ibid. 656; Carter
 
 v.
 
 Newbold, 7 How. Pr. 166.
 

 [2]
 

 People
 
 v.
 
 Simpson, 28 N. Y. 55; Freeman
 
 v.
 
 Ogden, 4 Ibid. 105; People
 
 v.
 
 Annis, 45 Bavb. 304; Williams
 
 v.
 
 Bigelow, 11 How. Pr. 83; Russell
 
 v.
 
 Russell, 32 Ibid. 400. And such conventional relation must exist, at the time of the institution of the proceedings. Burnett
 
 v.
 
 Scribner, 16 Barb. 621. The party in possession may show that the instrument which purports to create the relation of landlord and tenant between the parties, constituted, in fact, a mortgage to secure the repayment of a loan ; and that such mortgage was void tor usury; the rule that the tenant cannot dispute the title of his landlord, does not apply to such a case. People
 
 v.
 
 Howlitt, 76 N. Y. 574; S. C. 13 Hun 138.
 

 [3]
 

 The affidavit must positively aver the relation of landlord and tenant. Ex parte Robinson, 1 How. Pr. 213; Deuel
 
 v.
 
 Rust, 24 Barb. 438. Unless the affidavit make out a case, under the statute, there can be no recovery. People
 
 v.
 
 Matthews, 38 N. Y. 451. It must also show, with reasonable certainty, that the tenant is in possession, Smith
 
 v.
 
 Huestis, Lalor 236; must contain a particular description of the premises, Campbell
 
 v.
 
 Mallory, 22 How. Pr. 183; and show that they are within*the justice’s jurisdiction, People v. Platt, 43 Barb. 116. The omission of a venue, is a jurisdictional defect. People
 
 v.
 
 De Camp, 12 Hun 378.