## The People *ex rel.* Mitchell *vs.* Simpson.

The statute relative to summary proceedings to recover the possession of lands was not intended, and does not provide, for obtaining the possession of land in any cases except those in which the relation of landlord and tenant exists, and it applies to no one but a tenant.

The affidavit on which the proceedings are instituted must show the facts which authorize the removal of the tenant, before the magistrate is authorized to proceed.

An affidavit which contains no allegation of a tenancy, nor any facts showing how any tenancy could exist, but on the contrary sets out facts showing that the person proceeded against could not be a tenant, but was the assignor of the lease, who, after the assignment, had not given up the possession, and became a tenant at sufferance of the applicant, is not a compliance with the statute.

CERTIORARI to review summary proceedings had before William H. Buell, Esq., justice of the district court in the city of New York, for the eighth judicial district, to recover the possession of lands. The affidavit upon which the proceedings were instituted was as follows:

"Andrew Simpson being duly sworn, says that he is the agent and attorney in fact of Isabella Simpson, landlord of the premises hereinafter described, and that on or about the 16th day of September, 1859, by an instrument in writing, under seal, one John Moadinger, as landlord, rented unto Mirando Mitchell, as tenant, the lot of land and premises situate No. 423 Third avenue, in the city of New York, for the term of ten years, commencing on the first day of October, 1859, and that said Mitchell, as tenant, entered into possession of said premises, under said lease, on the 12th day of October, 1859; the said Mitchell, by an instrument in writing under seal, for a valuable consideration, duly assigned, transferred and set over unto deponent, the said lease aforesaid, under which said Mitchell occupied said premises, and that deponent thereupon became entitled to the possession of said premises, and that the said Mitchell became the tenant of deponent by sufferance; and that deponent, by an instrument in writing, under seal, bearing date October 16, 1860,

sold, assigned and transferred said lease to Allen Hay, and that said Allen Hay afterwards by an instrument in writing, under seal, sold, assigned and transferred unto Isabella Simpson the said lease aforesaid, and by reason of such transfers and assignments aforesaid, said Mirando Mitchell became the tenant at sufferance of the said Isabella Simpson.

Deponent further says, that said Mirando Mitchell has held and occupied the said premises as the tenant at sufferance of said Isabella Simpson, the landlord thereof, as aforesaid, from the said 16th day of October, 1860, until the expiration of such tenancy, as hereinafter mentioned.

Deponent further says, that on the 24th day of December, 1861, said Isabella Simpson caused a notice in writing to be served upon said Mirando Mitchell in due form of law, requiring the said Mirando Mitchell to remove from the said premises, and notifying him that such tenancy had terminated ; that more than one month has elapsed since the service of said notice, yet the said Mitchell has not removed from said premises, but holds over and continues in possession of the said premises without the permission of the landlord, and after the expiration of his term therein as aforesaid."

The subsequent proceedings before the justice are stated in the opinion of the court. The affidavit of the relator, on which the certiorari was issued, alleged that upon the entering of the judgment, the justice issued his warrant to remove the relator from the possession of the premises, to which the constable had returned that he had put the landlord into full possession of the premises therein mentioned.

*Coulter & Foster,* for the plaintiff in error.

——— ———, for the defendant in error.

*By the Court,* INGRAHAM, P. J. This case is submitted to us on a *certiorari* to review proceedings under the statute for summary proceedings to recover possession of lands, &c.

The return shows the issuing of the summons on the 29th January, 1862, about 10 A. M., the service of the summons on some person on the premises, whose name is not given, which was returnable at 12 M. of the same day, and judgment taken by default. Harsh and oppressive as this proceeding is, in many instances, and uncertain as it is whether, in this case, any notice ever reached the relator before the order to expel him from the premises was granted, still, under the provisions of the statute and the decisions that have been made thereon, the relator could have no relief on *certiorari* for these causes. That there may be reason, on or about the 1st of May, for so short a notice, may be conceded, but that such haste is necessary unless it be for the purposes which appear to have been in view in this case, I can see no good cause for believing. We are then left to inquire whether the affidavit on which the justice commenced the proceeding was sufficient to give him jurisdiction. This affidavit, after stating that the respondent became the owner of the premises for a term of years, which had, prior to her title, been assigned by the relator to one of the prior holders of the lease, and that such lease had by various assignments been vested in the respondent, adds, "and that said Mitchell became a tenant at sufferance of said Isabella Simpson, and that said tenancy was terminated by a notice of one month," &c. It contains no allegation of a tenancy, nor any facts showing how any tenancy could exist. On the contrary, the facts set out show that Mitchell could not be a tenant, but was the assignor of the lease, who, after the assignment, had not given up the possession. This is not a compliance with the statute. It was not intended, and does not provide, for obtaining the possession of lands in any cases except those in which the relation of landlord and tenant exists, and applies to no one but a tenant. The affidavit is to show the facts which authorize the removal of the tenant, before the magistrate is authorized to proceed. No such fact is shown in this affidavit, and there is not even the usual statement that the

relator was the tenant of the premises, but merely that he became a tenant at sufferance of the respondent. That the relator or person making the affidavit was unwilling to make any such affidavit as the statute requires, appears from the alterations made in the original affidavit. We have been referred to the case of *The People ex rel. McGuire* v. *Ulrich,* (2 *Abb.* 28,) to sustain the sufficiency of this affidavit. In that case it is said that there is nothing in the statute requiring the particularity of stating the particular facts establishing the tenancy. The statute does require the affidavit to state the facts which warrant the removal of the occupant. These facts are the tenancy, the non-payment of rent, and, in case of sufferance, the notice to quit. It is quite as necessary to state the tenancy as the notice to quit; and I cannot assent to the doctrine that in these cases the landlord should not be required to show affirmatively that a tenancy does exist between him and the person in possession, before he can be removed. But it is not necessary in this case to interfere with that decision; and being a decision of the general term, it should be binding here. In the present case the affidavit does not go so far. In that case it is not stated positively that McGuire was a tenant under the former owner, who conveyed to the relator. In the present case no such allegation is made; but, on the contrary, the affidavit shows that the person sought to be charged as tenant was in reality the owner, and had conveyed his title, so that it had vested in the person claiming to be landlord, and adds that the respondent became entitled to the possession of the premises, and that Mitchell became the tenant at sufferance, by reason of such transfers and assignments. If such a statement is sufficient to create a tenancy, it will scarcely be necessary to bring any actions to get possession of lands from a former owner. It appears to me that instead of showing a tenancy, the affidavit shows that such relation does not exist. In *Benjamin* v. *Benjamin,* (1 *Selden,* 383,) McCoun, J. says: "To entitle a party to this summary remedy, it must appear

that the relation is a conventional one, created by agreement, not by operation of law.   The relation of landlord and tenant does not necessarily exist in many cases where the legal ownership is in one person and the possession in another, although by the express compact of the parties.   It can only arise where he who is in possession has by some act or agreement recognized the other as his lessor or landlord, and taken upon himself the character of a tenant.   If any other question than such as related to the tenancy and to holding over is to be litigated, recourse must be had to an action, and not to this proceeding.'

The decision referred to, in 2d *Abbott,* goes quite far enough, and has opened a door to much oppression in some of these proceedings.   I do not feel willing to extend it any further.

The affidavit was defective, and the proceedings must be reversed and restitution ordered.

[NEW YORK GENERAL TERM, May 5, 1862.  *Ingraham, Leonard* and *Barnard,* Justices.]