THE PEOPLE, *ex rel.* MIRANDO MITCHELL *v.* ISABELLA' SIMPSON.

To authorize the institution of summary proceedings to recover the posses-sion of land, the relation of landlord and tenant must be shown to have existed between the parties by agreement, and not a tenancy created by the mere operation of law.

Where the affidavit upon which a summons was issued, stated that J. M. leased the premises to M. M. for the term of ten years ; that M. M. enter-ed as tenant, and assigned the lease to A. S., who assigned the same to H. and H. assigned it to I. S. ; that upon the assignment by M. M. to A. S. the latter became entitled to the possession of the premises, and the former became the tenant of the latter *by sufferance ;* and that *by reason* of said transfers and assignments, M. M. became the tenant at sufferance of the said I. S. ; *it was held* that the facts stated did not show the conventional relation of landlord and tenant, but the contrary, and were not sufficient to give jurisdiction to the justice.

APPEAL from a judgment of the Supreme Court revers-ing upon certiorari summary proceedings to recover the pos-session of land. One Andrew Simpson made the affidavit upon which the justice issued the summons requiring Mitch-ell to remove, forthwith, from the premises or to show cause on the same day, January 29, 1862, at 12 o'clock noon, why the possession of the premises should not be delivered to the landlord. Simpson states, in the affidavit, that on or about the 16th day of September, 1859, by an instrument in wri-ting under seal, one John Moadinger, as landlord, rented unto Mirando Mitchell, as tenant, the lot of land and prem-ises situate &c. in the city of New York, for the term of ten years, commencing on the 1st day of October, 1859, and that said Mitchell, as tenant, entered into the possession of said premises, under said lease, and that on the 12th day of October, 1859, the said Mitchell, by an instrument in writing under seal, for a valuable consideration, duly assigned, trans-ferred and set over unto the deponent the said lease, under which said Mitchell occupied said premises, and that the de-

ponent thereupon became entitled to the possession of said premises, and that the said Mitchell became the tenant of the deponent by sufferance, and the deponent, by an instrument in writing, under seal, bearing date October 14, 1860, sold, assigned and transferred unto Isabella Simpson the lease aforesaid, and by reason of such transfers and assignments aforesaid, said Mirando Mitchell became the tenant at sufferance of said Isabella Simpson. The deponent further alleged, "that said Mirando Mitchell has held and occupied the said premises as the tenant at sufferance of said Isabella Simpson, the landlord thereof, as aforesaid, from the said 16th day of October, 1860, until the expiration of the tenancy as hereinafter mentioned." It was then stated that notice to quit was served, and that Mitchell held over.

*Quentin McAdam,* for the appellant.

*Coulter & Foster,* for the respondent.

MARVIN, J. . These proceedings were summary, to recover the possession of the premises, under the revised statues, as amended, (see 3 R. S. 863, 5th ed.) by which any tenant or lessee at will or at sufferance may be removed &c when such person shall hold over and continue in possession of the demised premises, or any part thereof, after the expiration of his term, without the permission of his landlord. (§ 28.) By section 29, an oath, in writing, may be made by the landlord or other person named, "of the facts which, according to the preceding section, authorize the removal of a tenant," &c. By the construction given to the statute it must appear that the relation of landlord and tenant existed by agreement, and not by mere operation of law—that the relation was conventional. (*Benjamin* v. *Benjamin,* 1 Seld. 383; *Evertson* v. *Sutton,* 5 Wend. 281; *Roach* v. *Cosine,* 9 id. 227; *Sims* v. *Humphrey,* 4 Denio, 185.) This position is not denied by the respondent, but it is claimed that

the affidavit made by Andrew Simpson brings the case within the rule; thus the question for consideration is one of construction. What facts, fairly considered, does the affidavit establish? The affidavit is to be "of facts" which, according to the statute, authorize the removal of a tenant. The party to be removed must be a tenant or lessee, holding over and continuing in possession of the *demised* premises. In the present case it is claimed that there was a tenancy at *sufferance,* which is defined to be where a lessee enters under a lease or demise, and the term runs out and he holds over. (Woodf. Land. and Ten. 183; Com. Land. and Ten. 9.) The relation of landlord and tenant is created by a lease, or demise, to which the landlord and tenant are parties, and this constitutes the *conventional* relation between them. The facts stated in the affidavit from which it is claimed that such conventional relation is shown, are, briefly stated, that one Moadinger rented (leased) to Mitchell the premises for the term of ten years; that Mitchell entered as tenant, and a few days thereafter he transferred the lease to Andrew Simpson, who, a few days later, transferred the lease to Allen Hay, who transferred the lease to Isabella Simpson. These are the facts stated. It is alleged that upon the assignment of the lease by Mitchell to Andrew Simpson the latter became entitled to the possession of the premises, and that the former became the tenant of the latter by sufferance; and it is also stated that *by reason* of the transfers and assignments aforesaid Mitchell became the tenant at sufferance of the said Isabella Simpson. These statements are not made for the purpose of showing any agreements between the respective parties, other than the transfers of the lease, but they are simply legal conclusions of the affiant, annexed to the facts stated, and are erroneous. The transfer by a tenant of his term or lease does not establish between him and the transferee the relation of landlord and tenant, though he should remain in possession.

The affidavit contains an independent sentence, that Mitch-

ell has held and occupied the premises as the tenant·at suf-ference of said Isabella Simpson, the landlord thereof as aforesaid, from the said 16th day of October, 1860, until the expiration of such tenancy as thereinafter mentioned. Here is no new fact stated, nor was the sentence inserted for any such·purpose. It appears from a statement immediately preceding, that Andrew Simpson transferred the lease to Hay on the 16th of October, 1860, and that Hay transfer-red it to Isabella Simpson, but it does not appear when the last transfer was made. We thus have the statement that· Mitchell has held the premises as tenant &c. from the said 16th day of October, 1860, &c., from which it may·be infer-red that Hay transferred the lease to her October 16, 1860.

The allegation of Mitchell's holding &c. as tenant of Simp-son, "the landlord thereof as aforesaid," is of the same char-acter as the previous allegation that by reason of such trans-fers and assignments aforesaid, Mitchell became the tenant at sufferance &c. of the said Simpson.

It is very clear that the·facts stated in the affidavit do not show the conventional relation of. landlord and tenant, but they show the contrary.

The facts stated are not sufficient to show jurisdiction in the justice, and the ·proceedings were properly reversed by the Supreme Court, and its judgment should be affirmed.

SELDEN, J. The affidavit of Andrew Simpson, which con-stituted the foundation of the proceedings for removing the alleged tenant, Mitchell, in this case, was insufficient to give the justice jurisdiction to institute those proceedings.

It has been often decided that, to authorize such proceed-ings, the conventional relation of landlord and tenant must be shown to exist between the parties, and not·a tenancy created by the mere operation of law. (*Evertson* v. *Sutton*, 5 Wend. 281; *Roach* v. *Cosine*, 9 id. 227; *Sims* v. *Hum-phrey*, 4 Denio, 185; *Benjamin* v. *Benjamin*, 1 Seld. 383; Crary's Pr. 452.) I am of opinion that Mitchell, by retain-

ing possession of the leased premises after assigning his whole term therein, became the tenant, or *quasi* tenant at sufferance, of his assignee, or at least gave to the assignee the right to treat him as such tenant at his election. (Dyer, 62, a; Co. Litt. 57, b; Harg. note 5.) But those facts did not create the conventional relation of landlord and tenant within the meaning of the statute, as interpreted in the decisions above referred to. That relation may have existed between the parties, but it could only arise out of some agreement between them, independent of the assignment of the term, and the retaining of possession by the assignor. If any such agreement, express or implied, existed, the affidavit does not show it. If there was an express agreement it should have been set out; if an implied one, the facts from which the law would imply it should have been stated.

It is stated in the affidavit, after setting out the assignment of the lease, "that deponent [the assignee] *thereupon* became entitled to the possession of said premises, and the said Mitchell became the tenant of deponent by sufferance." And after mentioning the several transfers of the lease, by which it came ultimately to Isabella Simpson, it is said that, "*by reason* of such transfers and assignments, said Mirando Mitchell became the tenant at sufferance of said Isabella Simpson," and that he "held and occupied the premises as the tenant at sufferance of said Isabella Simpson, the landlord thereof *as aforesaid*," from the 16th of October, 1860, until the expiration of the tenancy as thereafter mentioned, (referring to the notice to quit.) All the statements are conclusions of law only, and do not strengthen the claimant's case. The landlord, or his agent, is required by the statute to "make oath in writing to the facts which * * * * authorize the removal of the tenant." (3 R. S. 5th ed. 836, § 29.) Perjury could not be effectually assigned upon these portions of the affidavit, if it should turn out that the relation of landlord and tenant did not exist; neither do they give the tenant an opportunity to deny by affidavit "the

*facts* upon which the summons was issued," which he is authorized to do, and to have the matter tried by a jury. (Id. 837, § 34.) The tenant might not be willing to swear, in his answer, to the law, whatever might be his opinion in regard to it; and he ought not to be required to do so, as the condition of making an issue for trial. The claimant, in all such cases, should state the facts out of which the legal conclusions arise, and not the legal conclusions alone. (*Hill* v. *Stocking*, 6 Hill, 314.)

The facts stated in this case were perhaps sufficient to support the conclusion that Mitchell was tenant by sufferance by operation of law, but a tenancy or *quasi* tenancy thus arising does not make a case within the statute, and if there existed facts creating a different relation, it rested with the claimant to show them.

The fair conclusion from the affidavit, as it appears, is that there were no facts beyond those which are stated, upon which the inference of a tenancy was based. If there were none, then clearly the case was not within the statute.

The judgment of the Supreme Court should be affirmed.

All the other judges concurring,

Judgment affirmed.