(28 Misc. Rep. 529.)

DAVIDSON v. HAMMERSTEIN et al.

(Supreme Court, Appellate Term.   July 26, 1899.)

SUMMARY PROCEEDINGS—ACTION AGAINST THIRD PERSONS.
    Under Code Civ. Proc. § 2235, authorizing summary proceedings by a landlord or lessor of the demised premises, a lessor, after execution of a lease, where the lessee had not taken possession, has a right to remove all persons in unauthorized possession, by summary process.

Appeal from the municipal court, borough of Manhattan, Tenth district.

Action by Anna F. Davidson against William Hammerstein and another.   Judgment for plaintiff, and such other defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Maurice Meyer, for appellant.

Chas. J. Buchannan (George W. Carr, of counsel), for respondent.

FREEDMAN, P. J.   The premises of which the defendant in these proceedings had possession were owned by the landlord herein. On the 17th day of April, 1899, the owner made and executed a lease in writing to one Janser for the term of 46 years, to commence on May 1, 1899.   Prior to the execution of this lease, and in September, 1898, the landlord in these proceedings had rented to the Hammerstein Amusement Company, of which company the defendant was president, the premises adjacent to the premises in question.   On April 24 and on April 25, 1899, the owner attempted to obtain an entrance to her property described in the petition herein, and found it fastened on the inside and on the outside, and an employé of the defendant in charge of the premises.   A notice, in due form of law, requiring the defendant to vacate said premises, was thereupon, and on May 1, 1899, duly served upon the defendant.   Subsequently these proceedings were instituted, and trial had in the court below, which resulted in a decision granting a final order to the landlord, awarding her the possession of the premises in question.   This decision was given upon conflicting testimony, and such decision, in the absence of anything tending to show that injustice has been done, will be sustained in this court.

The only question raised by the appellant in his brief is purely a question of law.   The appellant contends that section 2235 of the Code of Civil Procedure, which provides that summary proceedings may be maintained by the landlord or lessor of the demised premises, does not authorize a lessor, after a lease of the premises to a third party, to maintain such proceedings; that his relation ceases with his lease, and the right of possession to the property passes by virtue of such lease to the lessee.   In the case at bar the appellant claims that the premises in question having been leased by the landlord to Janser from May 1, 1899, Janser is the only one that can institute these proceedings.   The cases cited by the appellant do not support his contention.   They have reference to cases

where the owner has parted with his title to the leased premises, and not to a case like the one at bar, where the owner has leased the premises to a third party. The possession of the tenant is in subordination to the title of the landlord, and is the possession of his landlord. Whiting v. Edmunds, 94 N. Y. 314; Code Civ. Proc. § 373. One entering upon lands with the consent and by collusion with the tenant may be removed by the landlord as an intruder. O'Donnell v. McIntyre, 41 Hun, 100. In the case at bar it does not appear that the lessee ever had possession of the premises in question, and the landlord had a right to remove all persons in possession of the premises, who had obtained unauthorized entry thereon, for the purpose of delivering possession thereof to the tenant in accordance with the terms of her lease. Imbert v. Hallock, 23 How. Prac. 456. It follows, therefore, that the disposition made of the case below was correct, and the order granted therein should be affirmed.

Order affirmed, with costs to the landlord respondent. All concur.