MARY W. EELLS, Respondent, *v.* JAMIN S. MORSE, Appellant.

Landlord and tenant — summary proceedings against tenant holding over — tenant under new lease cannot maintain proceedings against preceding tenant holding over.

A landlord can maintain summary proceedings to remove a tenant holding over after the expiration of the term, although he has made a new lease of the premises to begin upon the expiration of the term of the tenant in possession. (Code Civ. Pro. §§ 2231, 2235.) The tenant under the new lease cannot maintain such proceedings since the conventional relation of landlord and tenant does not exist between the parties. (*United M. Realty & Improvement Co.* v. *Roth*, 193 N. Y. 570, distinguished.)

*Eells* v. *Morse*, 142 App. Div. 592, affirmed.

(Argued March 14, 1913; decided April 4, 1913.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 3, 1911, which affirmed a determination of the Appellate Term affirming a final order of the Municipal Court of the city of New York made in summary proceedings to recover possession of real property and awarding possession thereof to the plaintiff.

The facts, so far as material, are stated in the opinion.

*Walter L. Bunnell* for appellant. The petitioner and landlord on whose behalf the proceeding was instituted had no right to the possession of the premises described in the petition at the time the same was filed, and at the time the final order was entered, and had not the legal capacity to maintain the same. (*Kahn* v. *Walsh Co.*, 129 N. Y. Supp. 137; *Cullinan* v. *Goldstein*, 113 N. Y. Supp. 21; *Commonwealth Mortgage Co.* v. *De Waltoff*, 115 N. Y. Supp. 1090; McAdam on Landl. & Tenant [4th ed.], 35.)

*Ira Skutch* and *Herbert H. Maass* for respondent. The petitioner, being the landlord of the premises and the lessor of the tenant, was entitled to institute these proceedings despite the fact that she had leased the premises to a third person under a lease to commence when the lease to the tenant herein had expired. (*Greene* v. *Geiger*, 46 App. Div. 210; *U. M. R. & I. Co.* v. *Roth*, 193 N. Y. 570.) The new tenant cannot bring himself within the Code provisions to institute summary proceedings against the holdover; hence, if the appellant's contention be correct, this right to proceed summarily against the holdover is entirely suspended. (*Benjamin* v. *Benjamin*, 5 N. Y. 383; *People ex rel.* v. *Simpson*, 28 N. Y. 55; *Reich* v. *Cochran*, 151 N. Y. 122; *Kelly* v. *Smith*, 16 N. Y. Supp. 521; *Demarest* v. *Willard*, 8 Cowen, 206; *Huerstel* v. *Lorillard*, 6 Robt. 260.)

CUDDEBACK, J.  This is a summary proceeding instituted under sections 2231 and 2235 of the Code of Civil Procedure to recover the possession of real property.

The petition alleges that the plaintiff is the owner in fee and landlord of the demised premises, and that on or about the first day of October, 1908, she let and leased the same to the defendant for the term of one year beginning October 1st, 1908, and ending October 1st, 1909. The petition also alleges that the defendant holds over and continues in possession after the expiration of his term without the permission of the landlord.

The answer of the defendant alleges, among other things, that in the month of August, 1908, the plaintiff let and leased the same premises to one Kohlman for the term of three years beginning October 1st, 1909; that such lease is in full force, and that the plaintiff is not entitled to possession of the premises, and has not legal capacity to maintain the proceeding.

The case arose in the Municipal Court of the city of New York, which granted a final order awarding possession to the landlord.  The order has been affirmed by the Supreme Court, and the Appellate Division has certified that in its opinion a question of law is involved in the case which ought to be reviewed by the Court of Appeals. The question presented by the appellant in this court is the same as that presented by his answer in the Municipal Court.

Section 2231 of the Code of Civil Procedure authorizes a summary proceeding against a tenant when he holds over and continues in possession of the demised premises after the expiration of his term without permission of the landlord, and section 2235 provides that the application for the remedy may be made by the landlord or lessor of the demised premises, or his assigns.  It seems plain that the plaintiff is precisely within the statute and, therefore, entitled to avail herself of its provisions.

The position of the defendant is that by the lease to

Kohlman which was to commence on the expiration of the defendant's lease, the plaintiff had transferred the right of possession to Kohlman, and that he is the only person who can institute summary proceedings under the Code.

It has long been supposed that a landlord can maintain summary proceedings to remove a tenant holding over after the expiration of the term, although he has made a new lease of the premises to begin upon the expiration of the term of the tenant in possession, and that the tenant under the new lease cannot maintain such proceedings. (*Imbert* v. *Hallock*, 23 How. Pr. 456; *Goelet* v. *Roe*, 14 Misc. Rep. 28; *Davidson* v. *Hammerstein*, 28 Misc. Rep. 529; *Cullinan* v. *Goldstein*, 61 Misc. Rep. 82.) The landlord has the remedy under such circumstances, because he has the right of possession as against the tenant holding over (*Whiting* v. *Edmunds*, 94 N. Y. 309), and the tenant cannot be heard to say otherwise.

The second tenant does not have the remedy against the prior tenant because it is given only in cases where the conventional relation of landlord and tenant exists between the parties (*Benjamin* v. *Benjamin*, 5 N. Y. 383; *People ex rel. Mitchell* v. *Simpson*, 28 N. Y. 55) and such relation does not exist between the two tenants.

The defendant argues that a different rule has been laid down by this court in *United M. Realty and Improvement Co.* v. *Roth* (193 N. Y. 570). In that case, as here, the landlord had made a lease of the demised premises to begin on the expiration of a prior lease, and the prior lessee held over and continued in possession after his term. The second lessee brought suit against the prior lessee to recover rent upon the ground that such holding over was an extension of the first lease for the period of a year. The court held that the case fell within section 223 of the Real Property Law (Cons. Laws, ch. 50) which provides as follows:

"The grantee of leased real property, or of a reversion

thereof, or of any rent, the devisee or assignee of the lessor of such a lease, or the heir or personal representative of either of them, has the same remedies, by entry, action or otherwise, for the nonperformance of any agreement contained in the assigned lease for the recovery of rent, for the doing of any waste, or for other cause of forfeiture as his grantor or lessor had, or would have had, if the reversion had remained in him."

The plaintiff was allowed to recover on the theory that the second lessee succeeded by virtue of the statute to the right of election possessed by the landlord under the common law to treat the tenant remaining in possession as a trespasser and to hold him under his lease for another year.

The court in *United M. Realty and Improvement Co.* v. *Roth (supra)* made no reference to sections 2231 and 2235 of the Code of Civil Procedure. The subject of summary proceedings, and the limitations placed upon that remedy, was not under consideration and did not enter into the decision at all. The remedy is still available in the same class of cases to which it applied before the case of *U. M. Realty and Improvement Co.* v. *Roth* was decided, and it has not been extended to any others. The decision is not in conflict with *Benjamin* v. *Benjamin* and *People ex rel. Mitchell* v. *Simpson (supra)*.

I recommend that the order and judgment appealed from be affirmed, with costs.

CULLEN, Ch. J., GRAY, WERNER, HISCOCK, COLLIN and MILLER, JJ., concur.

Order and judgment affirmed.