## BOMMERSHEIM v. FORMAN.

(Supreme Court, Appellate Term, First Department. December 11, 1913.)

1. LANDLORD AND TENANT (§ 80*)—EXISTENCE OF RELATION—RECOGNITION.

   Plaintiff, by giving a certain person notice of the termination of her tenancy on November 1st, thereby recognized and affirmed it up to that time, and hence cannot claim that the relation of landlord and tenant existed between plaintiff and a subtenant of such person during the same period.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 254–257; Dec. Dig. § 80.*]

2. LANDLORD AND TENANT (§ 80*)—RELATION.

   The relation of landlord and tenant could not exist after November 1st between plaintiff and a subtenant of another to whom plaintiff had given notice of the termination of her tenancy on November 1st, since the relation had not previously existed between plaintiff and such subtenant.

   [Ed. Note.—For other cases, see. Landlord and Tenant, Cent. Dig. §§ 254–257; Dec. Dig. § 80.*]

3. LANDLORD AND TENANT (§ 310*)—SUMMARY PROCEEDINGS—EXPIRATION OF TENANCY—ORDER OF DISPOSSESSION.

   A final order of dispossession in summary proceedings to remove a tenant is conclusive that the tenant's term expired on the date of the dispossession under the order.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1319, 1320; Dec. Dig. § 310.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. USE AND OCCUPATION (§ 1*)—LANDLORD AND TENANT.

An action for use and occupation cannot be maintained, unless the relation of landlord and tenant existed between the parties.

[Ed. Note.—For other cases, see Use and Occupation, Cent. Dig. §§ 1-11; Dec. Dig. § 1.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Helene Bommersheim against Justus M. Forman. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Lloyd N. Scott, of New York City, for appellant.
Charles W. Gould, of New York City, for respondent.

PAGE, J. The action is brought to recover the reasonable value of the use and occupation of certain premises in the city of New York. The plaintiff proved that she held a written lease of the premises in question, under which she was entitled to the possession thereof from October 1, 1912, for a term of three years. One Esse G. Davis also held an oral lease of the same premises from the plaintiff's lessor as tenant from month to month, and subleased to the defendant the portion thereof occupied by him at a monthly rental. On October 24, 1912, the plaintiff served upon Esse G. Davis a notice in writing that she had elected to terminate her tenancy on November 1, 1912, and would commence summary proceedings for her dispossession unless she removed by that date. On November 2, 1912, the plaintiff issued summary proceedings against Esse G. Davis and her subtenants, including the defendant, and on December 6, 1912, a final order of dispossession was issued, awarding possession of the premises to this plaintiff. In the meantime the defendant paid rent for the premises to Esse G. Davis for the months of October and November, 1912; but after the warrant of dispossession was issued to the plaintiff the defendant paid rent to the plaintiff and continued to occupy the premises as her tenant after December 1, 1912.

[1-4] There is nothing in these facts from which a relation of landlord and tenant between the plaintiff and defendant during October and November could be implied. The defendant held the premises during October as the tenant of Esse G. Davis, whose tenancy was recognized and affirmed up to November 1st by the plaintiff in her notice of termination. After November 1st the defendant could not be a holding over tenant of the plaintiff, because no relation of landlord and tenant had ever previously existed between them. He was not a holding over tenant of Esse G. Davis, for the reason that the final order of dispossession is conclusive proof that her term expired on November 1st. There was accordingly no privity of contract or estate between these parties during the months of October and November, and no relation of landlord and tenant has been shown. Eells v. Morse, 208 N. Y. 103, 101 N. E. 803. No action for use and occupa-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion can be maintained unless the relation of landlord and tenant existed. Real Property Law, § 220; Preston v. Hawley, 139 N. Y. 296, 34 N. E. 906; U. M. Realty & Imp. Co. v. Roth, 193 N. Y. 570, 86 N. E. 544.

The judgment appealed from must therefore be reversed, with costs, and the complaint dismissed, with costs. All concur.