MARBRIDGE BUILDING CO., INC., Respondent, *v.* JOSEPH A. WHITE, Appellant.

(Supreme Court, Appellate Term, First Department, February Term — Filed April, 1921.)

**Landlord and tenant — summary proceedings — tenant holding over — damages — Code Civ. Pro. § 2253.**

The tenant under a lease to begin upon the expiration of the term of a prior lease cannot maintain summary proceedings against the tenant in possession.

In such circumstances, the landlord may maintain summary proceedings against the tenant holding over, and where he has secured a final order awarding him possession of the premises, the issuance of the warrant of removal does not prevent him from subsequently recovering by action under section 2253 of the Code of Civil Procedure the reasonable value of the use and occupation thereof, to the time when the warrant was issued.

The landlord's right of action for damages for breach of the tenant's covenant to surrender the premises at the expiration of the term, survives a summary proceeding for his removal, and where the lease with the second tenant specifically provides that the rent shall not be paid until possession is given, the plaintiff in the action is entitled to recover of the defendant, as for use and occupation, the rent called for by the second lease, while plaintiff was kept out of possession, but the counsel fee and expenses of the summary proceeding are not proper elements of damage in said action.

Mullan, J., dissenting.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, in favor of plaintiff, after trial by the court without a jury.

Louis Dorfman (I. Balch Louis, of counsel), for appellant.

Stein & Salant (Joseph J. Cunningham, of counsel), for respondent.

LEHMAN, J. I agree with Mr. Justice Mullan that under the authority of *Livingston* v. *Robb*, 61 Misc. Rep. 81, the counsel fee and other expenses incurred in procuring defendant's removal are not proper elements of damage in an action for breach of the defendant's covenant to surrender the demised premises at the expiration of defendant's term but in my opinion the plaintiff is entitled to recover the value of the use and occupation of the premises.

Appellate Term, First Department, April, 1921. [Vol. 115.

The case of *United Merchants Realty & Improvement Co.* v. *Roth,* 193 N. Y. 570, established the rule that " a new lessee, whose lease begins at the termination of a prior lease, can at his option, treat the prior lessee in case he holds over, as his tenant under the terms of the original lease." In the subsequent case of *Eells* v. *Morse,* 208 N. Y. 103, the court however decided " that a landlord can maintain summary proceedings to remove a tenant holding over after the expiration of the term, although he has made a new lease of the premises to begin upon the expiration of the term of the tenant in possession, and that the tenant under the new lease cannot maintain such proceedings. (Cases cited.) The landlord has the remedy under such circumstances, because he has the right of possession as against the tenant holding over (*Whiting* v. *Edmunds,* 94 N. Y. 309), and the tenant cannot be heard to say otherwise. The second tenant does not have the remedy against the prior tenant because it is given only in cases where the conventional relation of landlord and tenant exists between the parties (*Benjamin* v. *Benjamin,* 5 N. Y. 383; *People ex rel. Mitchell* v. *Simpson,* 28 N. Y. 55) and such relation does not exist between the two tenants." In accordance with the rule laid down in that case the plaintiff has secured a final order against the prior tenant awarding to him possession of the premises. The issuing of the warrant for the removal of the tenant from the demised premises under the final order " does not prevent the landlord from recovering by action * * * the reasonable value of the use and occupation thereof to the time when the warrant was issued " (Code Civ. Pro. § 2253) and the right of action for damages caused by the breach of the prior tenant's covenant to surrender the premises at the expiration of his term survived the summary pro-

ceedings. See *Livingston* v. *Robb,* 61 Misc. Rep. 81; *Vernon* v. *Brown,* 40 App. Div. 204; *Phelan* v. *Kennedy,* 185 id. 749.

The final order in the summary proceedings hitherto brought by the plaintiff constitutes an adjudication that as between this plaintiff and this defendant the plaintiff was entitled to the possession of the demised premises and even without such adjudication, it is well established " that the tenant cannot be heard to say otherwise." *Eells* v. *Morse, supra.* The plaintiff in this case having the right of possession as against the defendant holding over under his lease, must legally be entitled to recover for the use and occupation while he was kept out of such possession and since he was undoubtedly damaged in the amount of the rental which the second tenant was, under the terms of his lease, not required to pay to the plaintiff until possession of the premises was given to the second tenant, the plaintiff herein has the right to recover the amount of these damages against this defendant. *Phelan* v. *Kennedy, supra.*

On the other hand since the relation of landlord and tenant does not exist between the two tenants, it is evident that the second tenant cannot recover against the prior tenant for use and occupation and has not been damaged by the tenant's failure to surrender possession of the premises without summary proceedings, for by the terms of his lease he specifically provided that rent under his lease " shall not begin until possession of the space is given or available."

The Court of Appeals in the case of *Eells* v. *Morse, supra,* has pointed out that its prior decision in the case of *United Merchants Realty & Improvement Co.* v. *Roth, supra,* is not in conflict with the rules of law which I have cited above and which, in my opinion,

establish the right of the present plaintiff to recover against this defendant for the use and occupation of the premises for the period during which the defendant held over. Moreover since the lease between the plaintiff and the second tenant specifically provides that the rental shall not be paid until possession of the premises is given, and the landlord and not the new lessee is " thus subjected to all the inconveniences and damage occasioned by the holding over," the ground for the decision arrived at by the Court of Appeals in the case of *United Merchants Realty & Improvement Co.* v. *Roth, supra,* that the second tenant is entitled to the rights of a grantee provided for in section 193 of the Real Property Law is lacking in this case.

Judgment should, therefore, be reduced to the sum of fifty-six dollars and sixteen cents, with appropriate costs in the court below and as modified affirmed, without costs to either party.

MULLAN, J., dissents.

MULLAN, J. (dissenting). The plaintiff, owner of a business building, leased a room in it to defendant, for a term expiring May 1, 1920. The defendant having failed to vacate upon the expiration of that term, the plaintiff caused his removal by means of summary proceedings, and thereafter brought this action for damages for the wrongful withholding of possession, and has recovered a sum representing the value of the use of the premises during the over-stay twelve days — and the counsel fees and disbursements necessarily paid in and for the summary proceeding. I am of the opinion that the judgment cannot be sustained.

The counsel fees and other expenses incurred in procuring defendant's removal are not proper ele-

ments of damage. *Livingston* v. *Robb,* 61 Misc. Rep. 81.

Prior to the expiration of defendant's lease, the plaintiff had leased the room to Miller, the latter's term to commence on May 1, 1920, when, as has been said, defendant's term came to an end. Miller, after having been kept out of possession for the twelve-day period referred to, then entered. The learned trial justice correctly held that Miller would ordinarily have had the right to sue defendant for use and occupation for the twelve-day period, while plaintiff would ordinarily not have had that right (*United Merchants' Realty & Improvement Co.* v. *Roth,* 193 N. Y. 570); but he was of the opinion that a certain provision in plaintiff's lease to Miller took that right from Miller and gave it to, or left it in, plaintiff. The provision reads: " If possession of the space covered by this lease cannot be given on or before the date of the commencement of the term, rent under this lease shall not begin until possession of the space is given or available, and such allowance of rent shall be received by the tenant in full settlement for any claims which the tenant might otherwise have by reason of said space not being ready on said date." The lease was a formally prepared instrument, and in it the beginning of the term to Miller was very plainly fixed to occur on May 1, 1920. It seems to me to be very clear that it was the intention of plaintiff and Miller, in inserting the clause quoted, merely to release Miller from the obligation to pay rent for any period during which he might, for any reason, be unable to procure possession. The lease took effect on May 1, 1920, and from that moment Miller had all the rights of a lessee. The plaintiff was not required to put him in possession. *United Merchants' Case, supra.* Miller did not wish to pay the rent for a period during which he might be kept out of possession, and the provision in

question — a not uncommon one — was quite evidently designed to accomplish the purpose of enabling Miller to escape the payment to plaintiff of rent until he should have procured possession, and I think it should be given no further effect. Although the point is, of course, not directly before us for decision, it seems to follow that I am of the opinion that Miller may recover from defendant for the value of the twelve-day period.

My brethren hold the view that section 2253 of the Code of Civil Procedure gives a right to the plaintiff to recover for the use of the twelve-day period despite the holding in the *United Merchants'* case. I have never fully understood the reasoning of the majority in that case, but the holding itself seems to be clear enough, and most certainly allows the new tenant to sue the old tenant for rent. It is true that subsequently, in the *Eels* case, the Court of Appeals held that the new tenant was not such a landlord to the old tenant as was referred to in the summary proceeding statute. It may be difficult to reconcile the reasoning upon which the holdings in those two cases rest, but the actual holdings are plain and not in conflict. I think, therefore, that taking, as we must, the law as we find it, section 2253 of the Code of Civil Procedure should be read as meaning merely that a lessor *who is entitled* to rent from a dispossessed lessee is not barred from recovering it because the lessor caused the lessee's dispossession; and that it would not be read as giving to the lessor a right that the Court of Appeals said, in the *United Merchants'* case, belonged exclusively to the new lessee.

I vote to reverse, and for a dismissal of the complaint upon the merits.

Judgment modified, and as so modified affirmed, without costs.