EAST PARK STREET CORPORATION, Respondent, v. ANTHONY
KALLIODIS and Another, Appellants.

Supreme Court, Appellate Term, First Department, January 8, 1925.

Landlord and tenant — summary proceedings to dispossess — relation-
ship of landlord and tenant not established — landlord not entitled
to maintain proceeding — landlord, prior to institution of proceedings,
leased entire premises to sublessor who, in turn, leased to tenants
herein — tenants paid rent to sublessor and never recognized landlord
— covenant in lease could not effect relationship of landlord and
tenant.

The relationship of landlord and tenant does not exist so as to entitle the landlord
to maintain summary proceedings to dispossess, where it appears that, prior
to the institution of the proceedings, the landlord leased the entire premises to
a sublessor who, in turn, leased to the tenants herein, and that though the
tenants had knowledge that the landlord claimed to be assignee of the lease
under which they held, they neither recognized the landlord nor attorned to
it, but paid their rent to the sublessor who was then in possession of the whole
premises under his lease from the landlord.

A covenant in the lease to the sublessor requiring the landlord to give notice of
termination to the tenants herein and to take such steps thereafter as may be
reasonable to cause the removal of the tenants could not effect the relationship
of landlord and tenant.

APPEAL by tenants from a final order of the Municipal Court of
the City of New York awarding possession of premises to landlord.

*Frank W. Jackson,* for the appellants.

*Goldsmith & Fraenkel* [*Walter M. Goldsmith* of counsel], for the
respondent.

PER CURIAM:

The facts here disclosed show that the relationship of landlord
and tenant did not exist between the respondent and appellants
and that this proceeding cannot be maintained. When it was
instituted, August 5, 1924, the respondent had already leased the
premises, including those occupied by appellants, to O'Keefe.
While the appellants had knowledge that respondent claimed to be
assignee of the lease under which they held, they at no time attorned
to it, or recognized it in any way as landlord. On the other hand,
between May 1, 1924, and August 1, 1924, they paid rent to O'Keefe
who was then in possession of the whole premises under his lease
from the respondent for the term beginning May 1, 1924. While
respondent under the terms of its lease with O'Keefe was obligated
to give notice of termination to appellants as provided by the terms
of the lease between them and Ehler Meyer, and to " take such

steps thereafter as may be reasonable, proper and necessary to cause the removal " of the defendants, this covenant could not effect the relationship of landlord and tenant between respondent and appellants. There was nothing in this provision that retained in the respondent any right to possession. It parted with this right, if it ever possessed it, when it leased the whole premises to O'Keefe. It is in a different situation, therefore, from a landlord who makes a lease to commence on the termination of an existing lease, for as against the tenant holding over the landlord in such case has the right of possession. (*Eells* v. *Morse*, 208 N. Y. 103.) Here the defendants' lease had nearly two years to run when the plaintiff leased to O'Keefe.

Final order reversed, with thirty dollars costs, and proceeding dismissed, with costs.

All concur; present, GUY, O'MALLEY and LEVY, JJ.