GEORGE D. CANNON, Landlord, Respondent, v. "WILLIAM" GORDON, Tenant, Appellant.

Supreme Court, Appellate Term, First Department, April 12, 1944.

*Marcus Klein* and *Benjamin A. Hartstein* for appellant.

*Cornelius McDougald, Jr.,* for respondent.

*Maurice R. Whitebook* (*Donald Crichton* and *Ivan Maginn* of counsel), for Chester W. Bowles, as Administrator of Office of Price Administration, *amicus curiæ.*

SHIENTAG, J. The tenant occupied an apartment in the building 1925 Seventh Avenue, borough of Manhattan, New York City, for several years prior to the commencement of the summary proceedings. The tenancy was a monthly hiring from the owner-landlord, the Lawyers Trust Company. On October 29, 1943, that company leased the apartment then occupied by the tenant in this proceeding to one Cannon for a term of three years and three days from October 29, 1943, to October 31, 1946. The lease specifically stated that the landlord made no representations or promises with respect to the possession of the apartment and assumed no liability for failure to give possession. The Rent Regulation of the Office of Price Administration became effective in this area on November 1, 1943. (8 Fed. Reg. 13,914.)

On the same day that Cannon obtained his lease of the apartment from the Lawyers Trust Company he served a statutory thirty-day notice purporting to end the term of the old tenant on November 30, 1943. That tenant refused to vacate the apartment and this summary proceeding was instituted by Cannon. At the trial on December 17, 1943, it was shown that the tenant in possession, the appellant herein, continued to pay rent to the landlord-owner, the Lawyers Trust Company, and it was conceded that the tenant had never recognized any relationship with Cannon and had not paid any rent to him. Cannon, who is a physician, testified that he wanted to go into possession of the apartment (1B) "for the purpose of an office and dwelling occupancy."

The Federal Rent Regulation, promulgated for this defense-rental area, pursuant to the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 *et seq.*), provides

generally that on and after November 1, 1943, so long as a tenant pays rent he shall not be removed from any housing accommodations by summary proceedings or otherwise; the exception here relied upon being where "the landlord owned, or acquired an enforceable right to buy or the right to possession of, the housing accommodations prior to November 1, 1943, and seeks in good faith to recover possession of such accommodations for immediate use and occupancy as a dwelling for himself" [§ 6, subd. (a), par. (6); 8 Fed. Reg. 13,914]. The new tenant, Cannon, the respondent herein, prevailed in the court below, which determined that he came within the exception mentioned and granted a final order against the tenant in possession. We hold this ruling to be erroneous for two reasons:

(1) The new tenant, the respondent Cannon, in the circumstances of this case, had no right to maintain summary proceedings under our State law. In *Eells* v. *Morse* (208 N. Y. 103, 106 [1913]) the question directly before the court was whether a landlord could maintain summary proceedings to remove a tenant holding over after the expiration of the term, although the landlord had made a new lease of the premises to begin upon the expiration of the term of the tenant in possession. The Court of Appeals held that the landlord-owner could properly institute summary proceedings in such a case and then, by way of dictum, answered the question which had been specifically left open by the Appellate Division: whether the tenant under the new lease could maintain such proceedings. It was the unanimous opinion of the Court of Appeals that the new tenant could not. "The landlord has the remedy under such circumstances", the court held, "because he has the right of possession as against the tenant holding over * * *, and the tenant cannot be heard to say otherwise. The second tenant does not have the remedy against the prior tenant because it is given only in cases where the conventional relation of landlord and tenant exists between the parties (*Benjamin* v. *Benjamin*, 5 N. Y. 383; *People ex rel. Mitchell* v. *Simpson*, 28 N. Y. 55) and such relation does not exist between the two tenants."

The court distinguished its prior decision in *U. M. Realty & Imp. Co.* v. *Roth* (193 N. Y. 570 [1908]).

That was an action for rent. It was held that a lessee of premises in his lessor's building, whose term began on the expiration of the lease of the same premises to a prior tenant, was, on the holding over by such prior tenant, entitled to elect to hold him as his tenant for an additional year and could

sue him for the rent due. The case involved the application of what is now section 223 of the Real Property Law.

Commenting on the decision in the *Roth* case (*supra*), Fowler, in his work on the Real Property Law of the State of New York (3d ed., p. 760), said: "The Revised Statute giving lessees the same rights against assignees of reversions that they might have had against their immediate lessees is but a re-enactment of the English act 32 Henry VIII, chapter 34, which was a part of the law of the province of New York, and thence passed definitively into the law of the State. It is needless to say, that the statute 32 Henry VIII, chapter 34, never before was extended so far as in the principal case under consideration. In England an assignee of a reversion in order to have the benefit of the statute 32 Henry VIII, chapter 34, must be the assignee of the entire reversion. * * * in no case in England has the statute 32 Henry VIII, chapter 34, been deemed to extend so far as it has now been extended in this State in the case under consideration." (See, also, Keogh on Landlord and Tenant in Summary Proceedings, p. 16 *et seq.*)

Be that as it may, in *Eells* v. *Morse* (*supra*, p. 107) the court, referring to its decision in the *Roth* case (*supra*), said: "The court in *United M. Realty and Improvement Co.* v. *Roth* (*supra*) made no reference to sections 2231 and 2235 of the Code of Civil Procedure. The subject of summary proceedings, and the limitations placed upon that remedy, was not under consideration and did not enter into the decision at all. The remedy is still available in the same class of cases to which it applied before the case of *U. M. Realty and Improvement Co.* v. *Roth* was decided, and it has not been extended to any others."

Assuming that the above views, insofar as they are applicable to the second tenant, the respondent Cannon, in this proceeding, are but dicta, they express the unanimous opinion of the highest court in the State and we are bound by them.

(2) Even if it be assumed that the new tenant, Cannon, had the right to institute summary proceedings against the old tenant in possession, the new tenant does not come within the exception of the Federal Rent Regulation so as to entitle him to evict the old tenant. Those regulations adopted pursuant to subdivision (d) of section 2 of the Emergency Price Control Act of 1942 [U. S. Code, tit. 50, Appendix, § 902, subd. (b)] are to be applied concurrently with the State law during the housing emergency created by the war and are paramount in the event of any conflict.

The exception to the Federal Rent Regulation relied upon [occupancy by landlord, § 6, subd. (a), par. 6] is where "the

landlord owned, or acquired an enforceable right to buy or the right to possession of, the housing accommodations prior to November 1, 1943, and seeks in good faith to recover possession of such accommodations for immediate use and occupancy as a dwelling for himself ". Clearly the petitioner had no right to " buy " the apartment prior to November 1, 1943; and neither the landlord-owner nor the petitioner had a right of possession prior to that date, appellant's term being terminable only on the expiration of the statutory thirty-day notice (Real Property Law, § 232-a).

Final order reversed, with thirty dollars costs, and final order directed in favor of the tenant, with costs.

HECHT, J., concurs; McLAUGHLIN, J., concurs in result.