HENRY HEYDENRYK, Landlord, Respondent, *v.* VLADEMAR D. BELL, Tenant, Appellant.

Supreme Court, Appellate Term, First Department, December 14, 1951.

*Edgar J. Nathan, 3d,* and *Abraham Friedman* for appellant.

*Irving I. Schreckinger* for respondent.

*Per Curiam.* Petitioner, holder of a demise of the entire building for a term of more than twenty-one years, instituted this summary proceeding under article 83 of the Civil Practice Act to evict the tenant herein who occupies the third floor, upon the ground that he seeks to recover possession of the subject space for his own immediate and personal use. Petitioner instituted such proceeding in the belief that it was authorized and maintainable under the provisions of paragraph (2) of

subdivision (d) of section 8 of the Business Rent Law as amended (L. 1945, ch. 314, as amd.).

In *Eells* v. *Morse* (208 N. Y. 103) the rule is laid down that summary proceedings to recover possession of real property will not lie in the absence of the existence of a landlord and tenant relationship between the parties. The instant record does not disclose such a relationship between the parties.

We are of opinion that the enactment of paragraph (2) of subdivision (d) of section 8 has not dispensed with such requirement and has not rendered inoperative the rule laid down in *Eells* v. *Morse*. It is the view of this court that the remedy available to the petitioner proceeding by virtue of said paragraph (2) of subdivision (d) of section 8 is not that mentioned in article 83 of the Civil Practice Act but that petitioner's remedy is by an action in ejectment, in the absence of proof of a landlord and tenant relationship.

The final order should be reversed, with $30 costs, and petition dismissed.

Leave to appeal to the Appellate Division is granted.

HECHT, J. (concurring in result). I believe we should reverse on the authority of *Consolidated Service Stations* v. *Cities Service Oil Co.* (279 App. Div. 592, 2d Dept.). In his prevailing opinion in *N.R.M. Garage Corp.* v. *Feig Garage Corp.* (279 App. Div. 126, 1st Dept.) VAN VOORHIS, J., does not overrule the *Consolidated Service* case. He points out that in the *N.R.M.* case there is a clause transferring to the tenant the landlord's right to institute appropriate proceedings. No such clause is present here.

EDER and SCHREIBER, JJ., concur in *Per Curiam* opinion; HECHT, J., concurs in result in memorandum.

Final order reversed, etc.