(May 18, 1954.)

MILTON KASHNER et al., Respondents, *v.* IDA KAPILOW, Appellant.

*Per Curiam.* By permission of the Appellate Term, Ida Kapilow appeals to this court from the Appellate Term's order (one Justice dissenting) reversing an order of the Municipal Court dismissing the landlords' petition against her in a holdover proceeding and entering a final order in her favor.

The record fails to disclose any relation of landlord and tenant between appellant and the present landlords who bought the property in question in May, 1952, from appellant's husband, the then owner. The husband left in 1947, and the

parties were separated by a separation decree on May 10, 1951. Appellant never entered into any agreement with the present landlords and never paid them any rent; the husband paid the rent; and by the terms of the separation agreement, appellant was to receive rent free so long as she resided in the property in question.

The *Per Curiam* of the Appellate Term stated that the Municipal Court's final order in favor of the appellant was reversed "by reason of the certificate of eviction upheld on review by the Supreme Court in an Article 78 proceeding." Such certificate, however, did not confer on the Municipal Court jurisdiction, in a statutory proceeding where there was no conventional relationship of landlord and tenant. The statutory remedy in favor of a landlord can be resorted to only in cases of a holdover after expiration of a tenancy in which the conventional relationship of landlord and tenant is shown to exist (*Benjamin* v. *Benjamin*, 5 N. Y. 383, 388; *Collyer* v. *Collyer*, 113 N. Y. 442, 446).

In any event on a similar previous summary proceeding brought by the same landlords against same appellant, on the same issue, the landlords' petition was dismissed on the ground of lack of such relationship between the parties; and no new facts occurred subsequent to that first trial, and decision adverse to the landlords. The facts relied on relating to the separation decree occurred prior to the first trial and should with reasonable diligence have been available to the landlords on that trial. In that state of facts, appellant should not be compelled to relitigate an issue between the same parties that had been once decided in her favor.

When the plaintiff landlords took title Ida Kapilow was in possession of the premises and, therefore, they took subject to her rights.

For the reasons stated, the order of the Appellate Term appealed from should be reversed and the final order in appellant's favor in the Municipal Court reinstated, with costs in all courts in favor of appellant, without prejudice to such other proceeding or action, if any, as the landlords may be entitled to maintain.

PECK, P. J. (dissenting). It seems to me that under the separation agreement between defendant and her husband, she became a tenant of premises of which he was landlord. Plaintiffs acquired the premises and rent was thereafter paid by the husband for the defendant. It would seem to me that defendant's occupancy of the premises under these agreements amounted to a tenancy. Accordingly, I dissent and vote to affirm.

Dore, Callahan, Breitel and Bergan, JJ., concur in *Per Curiam* opinion; Peck, P. J., dissents and votes to affirm, in opinion.

Determination reversed and the final order of the Municipal Court reinstated, with costs to the appellants in all courts, without prejudice to such other proceeding or action, if any, as the landlords may be entitled to maintain. [See 284 App. Div. 801.]