(40 App. Div. 204.)

## VERNON et al. v. BROWN.

(Supreme Court, Appellate Division, Second Department. May 8, 1899.)

LANDLORD AND TENANT—RIGHT TO SUE FOR FAILURE TO SURRENDER.

    A lessor may sue for damages for failure to surrender at the end of the term, notwithstanding the relation of landlord and tenant was ended by a summary proceeding in ejectment.

Appeal from municipal court of city of New York.

Action by Frederick R. and Francis J. Vernon against George F. Brown. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Herman H. Baker, for appellant.

Henry Schoenherr, Jr. (Dan Fellows Platt, on the brief), for respondents.

GOODRICH, P. J. The defendant was in possession of certain premises, under a lease from the plaintiffs, the term of which expired on Saturday, April 30, 1898. He did not remove from the premises, and on May 2d (Sunday intervening) the landlords instituted summary proceedings to dispossess him; a final order being issued, awarding the plaintiffs the possession of the premises. The plaintiffs, however, did not cause the execution of the final order, but allowed the defendant to remain in possession till May 16th, when he moved out. The action is brought under allegations setting out the lease and occupation, the expiration of the term, "and that the defendant held over and continued to hold over and possess the premises, after the expiration of the said term, without the permission of the plaintiffs," till May 16th, to plaintiffs' damage, $229.17; and, for a second cause of action, that the defendant did not surrender the premises in good condition, as he had covenanted to do, to the plaintiffs' damage, $25. The answer alleges that the defendant was given the privilege by the landlords of remaining on the premises without compensation till May

16th. · As to this allegation, it is sufficient to say that it was denied by the plaintiffs on the trial, and the justice's decision of that question will not be disturbed.

As the plaintiffs dispossessed the defendant, the relation of landlord and tenant under the lease terminated, and no action would lie for rent. Featherstonhaugh v. Bradshaw, 1 Wend. 134. In that case the court intimated that the plaintiff had mistaken his remedy, and that he might have maintained an action of trespass for the mesne profits. The fact that the defendant has been dispossessed by the plaintiffs does not prevent an action for breach of the covenant for surrender.

In Sperry v. Miller, 16 N. Y. 407, it was held that a surrender of a lease did not extinguish the right of action for rent already accrued. And in McGregor v. Board of Education, 107 N. Y. 511, 517, 14 N. E. 422, Judge Finch, writing for the court, said:

"And where, at the close of a term, there is surrender of possession by a tenant in such condition as to violate a covenant in the lease, and an acceptance of possession by the landlord, the two things occurring eo instante, I am not ready to admit that the right of action for a breach dies at the moment of its birth."

On the same principle, where the lease has terminated and the tenant has been thereafter removed by summary proceedings, the right of action for a breach of the covenant to surrender remains in force. In the present case the summary proceedings were instituted only after the term of the lease had expired, and in aid of and for the purpose of enforcing the covenant of surrender. This does not destroy the right of action for breach of that covenant, which right accrued when the defendant failed to remove from the premises at the end of his term. Judge McAdam, in his treatise on Landlord and Tenant (section 82), says:

"If the tenant holds over after the expiration of his term, he is liable for all damages which may be sustained in consequence."

The plaintiffs were entitled to their action for damages for failure to surrender, notwithstanding that the conventional relation of landlord and tenant had been ended by the summary proceedings. There was evidence that the value of the rent of the premises, together with the amount necessary to restore the premises to their original condition, exceeded the amount of the judgment.

The judgment must be affirmed, with costs. All concur.