August F. Schwarzler, Respondent, *v.* James McClenahan and Others, Executors, etc., of David Stevenson, Deceased, Appellants.

*Landlord and tenant — when the tenant may be presumed to hold over after the expiration of his term and is entitled to the excess of rent paid by his sub-lessee, continuing in occupation of the premises, to the principal landlord — evidence competent under a general denial.*

Where a lessee in possession of premises, the buildings on which belong to him, subject to a ground rent, under a lease which expires April 30, 1892, prior to the expiration of his term sub-lets the premises, reserving no right of re-entry, at an increased rent, which rent is subsequently collected from the sub-tenant by the principal lessor, who pays over to the principal lessee, from time to time, the difference between the sum so collected and the ground rent reserved in the original lease and continues to do so after the expiration of the term of the original lease and until January, 1894 — no notice of the termination of the original lease having been given to the principal lessee — the jury is authorized, in an action brought by the principal lessee against his lessor to recover the difference between the ground rent and the amount collected by such lessor from the sub-tenant for his occupation after January, 1894, to find that no change took place in the relation of the parties to the original lease, but that the lessee named therein held over, and that the lessor was accountable to him for the rent collected from the sub-tenant in excess of the ground rent.

In such action the defendant, under a general denial, has the right to show any facts tending to defeat the plaintiff's recovery, either in whole or in part, including testimony establishing the payment of two items by checks, which was drawn out upon cross-examination, the receipt of the checks being admitted by the lessee.

Appeal by the defendants, James McClenahan and others, executors, etc., of David Stevenson, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 13th day of July, 1898, upon the verdict of a jury, and also from an order entered in said clerk's office on the 13th day of July, 1898, denying the defendants' motion for a new trial made upon the minutes.

This appeal was transferred from the first department to the second department.

*William G. McCrea,* for the appellants.

*William King Hall,* for the respondent.

# 526 SCHWARZLER v. McCLENAHAN.

HATCH, J.:

The plaintiff's assignor held a lease of certain premises situated on Eleventh avenue in the borough of Manhattan for the term of three years from May 1, 1889. By its terms this lease expired on April 30, 1892. There was also testimony in the case tending to establish that the plaintiff's assignor was the owner of the building upon the property and the rent reserved in the lease was for ground rent. Prior to the expiration of the term plaintiff's assignor sub-let the premises at a rental of $480 a year, but reserved no right of re-entry thereunder. After the last lease the title to the premises changed hands and the defendants' testator became the owner. Rent was collected by the testator and by the defendants from the sub-tenant at the rent reserved in the original lease, and the difference between that sum and the increased rental was collected by plaintiff's assignor. Subsequently this method was changed, and the defendants collected the whole of the rent and paid over to the plaintiff's assignor from time to time the difference. Upon the expiration of the leasehold term the evidence tends to establish, and the jury were authorized to find, that no change took place in the relation of these parties, but the defendants continued to collect the rent as before and to pay over the same to the plaintiff's assignor thereafter. Although the evidence was conflicting, the jury were authorized to find that no notice of the termination of the lease was given by the defendants to the plaintiff or his assignor; the only change being in 1894 when the rent collected of the sub-tenant was at the rate of $35 a month instead of $40, and he obligated himself to do some repairs. The defendants continued to pay rent until about January 1, 1894, when they refused to pay over any more, and this action is brought to recover for the difference between the ground rent and that paid by the sub-tenant for 1894 and 1895.

It is true that where a lessee parts with his whole term, it will ordinarily be regarded as to his landlord as constituting an assignment of his estate therein, and operates as a surrender of the premises for the term demised. (*Stewart* v. *Long Island R. R. Co.*, 102 N. Y. 601.) This establishes the relation of the parties as a rule of law where nothing else intervenes, but it can have no application to a case where neither party regards the sub-letting as having changed the status of the parties; and if the parties thereafter treat the rela-

tion as still continuing, and the sub-tenant continues to hold over the term, it continues the relation of landlord and tenant upon the original terms. (*Manheim* v. *Seitz*, 21 App. Div. 16; *Vosburgh* v. *Corn*, 23 id. 147.)

It is clearly evident, therefore, upon the testimony in this case that the court was authorized to submit, and the jury to find, that there was a holding over — in fact, that was admitted — and to find that the plaintiff's assignor was regarded as the lessee under his lease. If, therefore, any rent had been collected by the defendants from the sub-tenant, they were bound to account to the lessee or his assignee. The testimony is somewhat confusing as to just the amount that was collected and the amount which had not been paid over. The court, in its charge to the jury, stated the amount that had been collected and the amount which the plaintiff was entitled to deduct, which left a balance of $198, which the court charged the plaintiff was entitled to recover, if anything. No question was raised by either party as to the correctness of the court's figures. The defendants, although excepting to that part of the charge, simply raised the question as to two checks for which they claimed to be entitled to credit, and which had not been credited to them, for the reason that their answer contained no plea of payment.

So that, in the disposition of this case, we are to regard the balance which the plaintiff was entitled to recover as the sum of $198 and interest, if the court was correct in holding that the defendants could not avail themselves of the two checks, one under date of November 13, 1893, for $51, and one under date of December 26, 1893, for $26. We are, however, of opinion that the court committed an error in not allowing the amount of these two checks. The action is brought to recover a sum of money, and in order to entitle the plaintiff to recover, it was incumbent upon him to establish the amount, and the defendants, under a general denial, had the right to show any facts which tended to defeat plaintiff's recovery, either in whole or in part. The testimony which established the payment of the two items was drawn out upon cross-examination, and the receipt of the checks was admitted by plaintiff's assignor. Consequently, this testimony went to destroy, in part, his right to recover. The evidence was proper under the general denial, and the defendants should have had the benefit of the same. (*The New York &*

*New Haven Automatic Sprinkler Co.* v. *Andrews,* opinion by CUL-
LEN, J., *ante,* p. 56.)

The defendants, therefore, become entitled to have this sum
deducted. With this deduction, the judgment should be affirmed,
without costs of this appeal to either party.

All concurred, except BARTLETT, J., absent.

Judgment modified by deducting from the plaintiff's recovery
this sum of fifty-one dollars, with interest from November 13, 1893,
and the further sum of twenty-six dollars, with interest from Decem-
ber 26, 1893, and as modified affirmed, without costs of this appeal
to either party.