## ELY v. WINANS.

(Supreme Court, Appellate Term.  June 23, 1904.)

1. LANDLORD AND TENANT—ACTION FOR RENT—EVIDENCE—SUBSTITUTED TEN-
    ANT.
        In an action for rent under a lease by the month, evidence examined,
    and *held* to support a finding that the premises were occupied under the
    lease by defendant through subtenants, who were not in privity of contract
    with plaintiff, rendering defendant liable for the rent.

2. SAME.
        It may not be presumed, in an action for rent, that defendant had as-
    signed his lease, where it was not proven that another was in possession
    of the entire premises.

3. SAME.
        Mere proof that a third person furnished money to a lessee to pay his
    rent is not sufficient to show that the landlord has accepted the third
    person as his lessee.

Appeal from City Court of New York, Trial Term.

Action by Ambrose K. Ely against Ranald M. Winans.  From a
judgment for plaintiff, defendant appeals.  Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT,
JJ.

Taylor, Anderson & Seymour, for appellant.

Smith & Simpson, for respondent.

MacLEAN, J.  Action being brought for rental for the month of
July, 1903, under a lease by the month, dated April 23d of that year,
defendant pleaded and contended that he never actually became a
tenant of the plaintiff or occupied the premises; testifying that the
business there was, as it had been since August, 1901,. the date of its
incorporation, conducted by the R. M. Winans Company, succeeding
at that date Winans & Dunbar, who had been lessees of the premises.
Accordingly it might be considered, if not held, that the lease was
merely an adventitious circumstance, giving rise to no cause of ac-
tion, particularly as it was shown that the rental for May and June had
been paid by the check of the R. M. Winans Company, and that at
least one receipt had been given to that company by name.  The
plaintiff, however, asserted that the R. M. Winans Company was in
part of the premises as the tenant of the defendant, as was likewise at
least one other concern; and he testified that his relations were with
the defendant individually, from whom he had taken care to pro-
cure the lease before the 1st of May, who had paid him the rent for
June, from whom he had demanded that for July, and who had asked
him to wait a few days, even writing him: "I shall have to ask you
to wait till next week for the rent.  *  *  *  [giving a personal rea-
son for the request and concluding:]  After this I do not think I'll
have any difficulty."  These statements, especially the letter, left the
question of whose was the liability a question of fact within the de-
termination of the learned justice before whom it was tried without
a jury.  The premises were expressly demised to the defendant.
There was enough to sustain the finding that they were occupied un-

der the lease by him; i. e., by his subtenants, who were not in privity of contract with the plaintiff, whose only cause of action upon the demise was against his covenantor, the defendant. Two sets of cases are cited for the defendant to govern inconsistent assumption of facts. None are applicable unless the defendant's version of the facts be alone accepted, and his own letter be disregarded. It may not be presumed here that the defendant had assigned his lease, as it was not proven that another than the lessee was in possession of the entire premises. Nor may it be taken that the landlord had accepted another than the defendant as his tenant, for neither release of the one, nor acceptance of the other, was proven directly or implied. Furnishing money to a lessee to pay his rent does not oust the old and induct a new tenant. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.