### EELLS v. MORSE.

(Supreme Court, Appellate Division, First Department. February 3, 1911.)

LANDLORD AND TENANT (§ 300*)—RE-ENTRY AND RECOVERY OF POSSESSION—
SUMMARY PROCEEDINGS—PERSONS ENTITLED TO BRING—"LANDLORD OR
LESSOR."

Premises were leased for one year, and before the expiration of that term the landlord leased to another the premises for a term to begin at the expiration of the first term. The first tenant held over, and the landlord brought summary proceedings to dispossess him. Section 2231, Code Civ. Proc., provides that a tenant holding over at the expiration of his lease may be removed and section 2235 provides that the application may be made by the "landlord or lessor." *Held*, that the lessor of both tenants was the "landlord or lessor" within the statute, and could maintain an action to dispossess the first tenant, if there had been no election by the landlord to continue the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1292–1294; Dec. Dig. § 300.*]

Laughlin and McLaughlin, JJ., dissenting.

Appeal from Appellate Term.

Action by Mary Witt Eells against Janin S. Morse. From the determination of the Appellate Term affirming a final order in favor of the landlord, respondent, against the tenant, appellant, in a summary proceeding to recover possession of the property from a tenant holding over after the expiration of a lease, the tenant appeals. Affirmed.

See, also, 125 N. Y. Supp. 1118.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and DOWLING, JJ.

Walter L. Bunnell, for appellant.
Herbert H. Maass, for respondent.

INGRAHAM, P. J. On the 1st of October, 1908, the landlord, the respondent in this proceeding, entered into a written agreement

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

0

with the tenant, appellant, by which she leased certain rooms in a house known as No. 411 West End avenue in the city of New York for a term of one year commencing on the 1st of October, 1908, and ending on the 1st of October, 1909. The tenant continued in possession after the expiration of the term, whereupon on October 1, 1909, this proceeding was instituted to dispossess the tenant. The tenant interposed an answer by which he admitted the making of the lease and that he is in possession of the premises, and for a defense alleged that in August, 1909, he leased the premises for a further term of one year commencing October 1, 1909, and that he was in possession of the premises by virtue of that lease; and for a second defense alleged that subsequent to making the lease for the term ending October 1, 1909, the landlord executed and delivered to one Kohlman a written lease of the premises described in the petition for the term of three years to commence October 1, 1909; that the said lease had not been canceled but was in full force and effect and therefore the said landlord was not entitled to the possession of the said premises; and that the landlord had not legal capacity to maintain this proceeding. A jury having been demanded the case came on for trial before a justice of the municipal court and a jury. The tenant attempted to prove a new lease to him which the landlord disputed, and the question of whether or not a new lease was made was submitted to the jury, who found in favor of the landlord. That verdict was sustained by the evidence, and the only question presented on this appeal is whether or not a landlord having leased the premises to a tenant, and having before the expiration of the term given a new lease of the demised property to a third party, can maintain a proceeding to dispossess the old tenant at the expiration of his term, or whether that proceeding must be maintained by the new tenant to whom the landlord has leased the property.

Summary proceedings are regulated by the Code of Civil Procedure. Section 2231 of the Code of Civil Procedure provides that a tenant may be removed from the demised premises when he holds over, and continues in possession of such premises or any portion thereof after the expiration of his term without the permission of the landlord. Section 2235 of the Code of Civil Procedure provides that "the application may be made by the landlord or lessor of the demised premises." It is conceded in this case that the applicant was the landlord and lessor of the demised premises, and the jury by their verdict have found that the tenant had no right to the possession of the demised premises. The landlord in this proceeding, therefore, has brought himself expressly within the provisions of section 2235 of the Code of Civil Procedure as a person who can maintain this proceeding. There is no provision of law to which our attention has been called or which we have been able to find that limits the application of this section to a landlord who has not leased the premises for a new term commencing at the expiration of the term of the tenant whose removal is sought, and it seems to me that as the statute expressly provides that the "landlord or lessor" may maintain the proceeding we are not justified in limiting the application of the express terms of the section because

some other person besides the landlord or lessor would also be authorized to institute such a proceeding. The provision of section 2235 of the Code of Civil Procedure is explicit and direct, and gives to the "landlord or lessor" the right to institute the proceeding without limitation.

The defense is based upon the provisions of section 223 of the real property law (chapter 52 of the Laws of 1909 [Consol. Laws, c. 50]), which provides that:

"The grantee of leased real property, or of a reversion thereof, or of any rent, the devisee or assignee of the lessor of such a lease, or the heir or personal representative of either of them, has the same remedies, by entry action or otherwise, for the nonperformance of any agreement contained in the assigned lease for the recovery of rent, for the doing of any waste, or for other cause of forfeiture as his grantor or lessor had, or would have had, if the reversion had remained in him. * * * This section applies as well to a grant or lease in fee, reserving rent, as to a lease for life or for years."

In United Merchants' Realty & Improvement Company v. Roth, 193 N. Y. 570, 86 N. E. 544, the Court of Appeals had before it an appeal from an interlocutory judgment sustaining a demurrer to five counts in the complaint and overruling a demurrer as to five other counts in the complaint. The questions certified to the court were:

"(1) Does the complaint, in the causes of action therein numbered and designated as first to fifth, inclusive, state facts sufficient to constitute a cause or causes of action? (2) Does the complaint, in the causes of action therein numbered and designated as sixth to tenth, inclusive, state facts sufficient to constitute a cause or causes of action?"

That action was brought to recover rent from a tenant who held over after the expiration of his term by a lessee who had received a lease of the demised premises prior to the termination of the lease to the defendant. The first five causes of action simply alleged the lease between the plaintiff's lessor and the defendant, and the second five causes of action alleged an agreement between the plaintiff and the defendant for a continued use and occupation of the premises after the termination of the lease to the defendant. A majority of the court held that the new tenant could maintain an action for rent after the termination of the defendant's lease; that when the right to possession of the premises accrued the new tenant was entitled to the estate in possession as successor of the landlord; that as the landlord was not bound to give possession of the premises to the new tenant, the new tenant should have the same right that the original landlord would possess were it not for the new lease under this section 223 of the Real Property Law to which attention has been called.

Assuming that under this decision the new tenant would have a right to institute this proceeding although not expressly given that right by any provision of the Code of Civil Procedure, the question presented is whether anything in this section of the Real Property Law or the decision of the Court of Appeals limits the right expressly given by section 2235 of the Code of Civil Procedure to the "landlord or lessor" of the tenant from instituting the proceeding. I cannot see that there is any inconsistency in holding that this right to dispossess a tenant holding over after the expiration of his term is concurrent

both with the landlord and the new lessee. It is true that the landlord is under no legal obligation to give to his new tenant possession of the premises, but he has an interest in securing possession to the new tenant as he has a right to select his tenants, and his ability to collect the rent from the new tenant might be seriously affected if the new tenant was unable to obtain possession of the premises. Assuming, also, that the new tenant had the right to elect to continue the lease which had expired for another year and to hold the tenant as lessee for that term, the fact that the new tenant had made such an election, and thus there was· therefore a continuance of the old term, was an affirmative defense to be proved by the original tenant. Until such an election by either the landlord or the new tenant was actually made, the old tenant would not be entitled to the possession of the property, and it is certainly no defense in a proceeding to remove a tenant who holds over after the expiration of his term that the new tenant has the right to elect to hold the old tenant to a renewal of the lease. If the landlord of both tenants sees fit to institute a proceeding to dispossess a tenant holding over after the expiration of his term, the tenant who is in possession of the property after the expiration of his term cannot insist upon his holding possession or withholding possession from the landlord because some other person might elect to hold him for a new lease. The tenant holding over has not such an election—it is only the landlord or the new tenant—and until such an election is actually made the old tenant is a trespasser. It appeared in this proceeding that the new tenant had notice of the proceeding and appeared by counsel upon the trial. It was not claimed that he had elected to continue the lease for a new term, and on the verdict of the jury the tenant was a mere trespasser holding the property without legal authority of any one interested in the property.

It is not necessary to decide upon this appeal whether the new tenant, as the person lawfully entitled to the possession of the property or as an assignee of the landlord, purchaser, or other person entitled to apply, would also be entitled to maintain the proceeding. It seems to me sufficient to say in affirming this order that under the express provisions of the section the landlord in this proceeding being both the landlord and also the lessor of the demised premises was entitled to maintain the proceeding.

It follows, therefore, that the order appealed from must be affirmed, with costs.

SCOTT and DOWLING, JJ., concur.

LAUGHLIN, J. (dissenting). The question presented by this appeal is whether a landlord may institute and maintain summary proceedings for the removal of a tenant on the ground that the tenant is holding over after the expiration of his term, where the landlord has, prior to the expiration of such term, duly executed a lease of the premises for another term commencing at the expiration of the then fixed term of the first tenant, and therefore in full force and effect at the time such summary proceedings are instituted. The Court of Appeals has recently decided that in such circumstances the second tenant has the

right as landlord, to hold the first tenant for another term, the same as the landlord from whom the premises were leased would have had a right had he not parted with his right to possession by executing a new lease, to hold the tenant to a renewal of the term for holding over. U. M. Realty & Improvement Co. v. Roth, 193 N. Y. 570, 86 N. E. 544. I am of opinion that it necessarily follows from that decision that the original landlord cannot successfully maintain a summary proceeding. Being subject to an election on the part of the second tenant to hold him for a renewal of the term which may have been made at once and without notice as soon as he remained in possession for any appreciable time after the expiration of his original term and to payment of the rent during such period of renewal, it cannot be that he is at the same time subject to be dispossessed in a proceeding instituted by his former landlord who has parted with right to the possession of the premises until the expiration of the second lease. Since, as has been decided by the Court of Appeals in tne case cited, a landlord is under no obligation to give possession of the demised premises to his tenant, or, in other words, to put his tenant in possession—of course he would be if an express agreement to that effect were exacted—and only becomes liable to the tenant in case the premises are occupied by some one who had a legal right to remain, and, therefore, could not be removed by the tenant, there is no reason or necessity for allowing the former landlord to institute the proceeding; and since the new tenant has a right to institute it, or may elect to hold the first tenant for a renewal of the term on account of holding over, I see no propriety in so construing the statute as to confer the right on the original landlord to institute the proceeding, and I think that it is essential to the protection of the first tenant in such circumstances against conflicting claims on the part of his landlord and the lessee of his landlord, that the remedy for obtaining possession should be left with the latter, who only has the right to insist upon the remedy or to leave the first tenant in possession, on the theory of a renewal of the term by holding over or on a new agreement.

The second lease was excluded, and therefore there is no evidence or claim even that it gave no right to the tenant to sublet the premises, and we are not concerned with that question.

McLAUGHLIN, J., concurs.