MANLEY v. WINKLER.

(Supreme Court, Appellate Term. March 8, 1912.)

1. LANDLORD AND TENANT (§ 80½*)—EFFECT OF HOLDING OVER—ASSIGNMENT OF LEASE—LIABILITY OF ORIGINAL LESSEE.

Where, at the time of signing a lease, individual lessees contemplated a formation of a corporation, which was later formed and went into possession and was in possession at the time of the execution of an extension, which was under seal and signed by each of the original parties, but with the addition of the seal of the corporation, which paid the rents during the term by checks over its corporate name, a presumption will arise that the corporation was in possession as assignee, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not as sublessee, so that a holding over was that of the corporation, for which an original lessee cannot be charged.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 231; Dec. Dig. § 80½.*]

2. LANDLORD AND TENANT (§ 90*)—EFFECT OF HOLDING OVER—ASSIGNMENT OF LEASE—LIABILITY OF ORIGINAL LESSEE.

Where a corporation was in possession of premises as an assignee of a lease, the mere fact that an original lessee knew of a holding over would not constitute an election on his part to extend his term, so as to render him liable for rents.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 284–289; Dec. Dig. § 90.*]

3. APPEAL AND ERROR (§ 237*)—RESERVATION OF GROUNDS—MOTION TO DISMISS COMPLAINT.

That a plaintiff, in an action for rents, did not prove his appointment as executor, cannot be availed of on appeal, where it was not stated as one of the grounds of a motion to dismiss the complaint.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1386–1388; Dec. Dig. § 237.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Reuben M. Manley, as executor of the estate of Mary A. Manley, against Charles Winkler. From the judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued February term, 1912, before SEABURY, BIJUR, and GUY, JJ.

Ira Bliss Stewart, for appellant.
George Murray Brooks, for respondent.

BIJUR, J. On December 10, 1906, the estate of Mary Manley leased, in writing, certain premises in this city to one Bass, one Reich, and the defendant, Winkler. On December 23, 1907, by an indorsement on the instrument, the lease was renewed for one year. After the expiration of the extended term, namely, after January 31, 1909, there was a holding over, and plaintiff sues this defendant to recover the rent for June, July, and August, 1909, having recovered in a prior action against Bass and Reich.

[1] The original lease, signed by each of the three parties, is under seal. The extension is similarly executed, but, in addition, there is an imprint of the corporate seal of "Bass & Winkler Company." It appears that, at the time of the signing of the original lease, the three individual lessees contemplated the formation of this corporation; that the corporation went into possession shortly thereafter; that at the time of the signing of the extension the corporation was actually, and remained, in possession of the entire premises; and that during all this period the rents were paid by the corporation by checks over its corporate name. In December, 1908, the defendant left the city, and was not again upon the premises, except possibly casually in June or July, 1909. On February 1, 1909, when the holding over commenced, the corporation was and had been in possession, the landlord receiving rent therefrom eo nomine. From this respondent ad-

mits the law will ordinarily presume that the occupation of the corporation was as assignee, and not as sublessee. The holding over was, therefore, that of the corporation. See, also, Ely v. Winans, 88 N. Y. Supp. 929, and 24 Cyc. 977.

[2] Moreover, even though defendant knew of the holding over by the corporation, that would not constitute an election on his part to extend his term. Moore v. McCarthy, 4 Hun, 261. Respondent cites Dey v. Greenebaum, 82 Hun, 533, 31 N. Y. Supp. 610; but that case has no application, because the cause of action there arose before the termination of the lease, and one of the lessees was still in possession.

[3] Appellant's preliminary point, that plaintiff did not prove his appointment as executor, cannot be availed of at this time, as it was not stated as one of the grounds of the motion to dismiss the complaint at the close of plaintiff's case.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.