MARIE PHELAN, Respondent, *v.* DAVID E. KENNEDY, Appellant.

First Department, January 10, 1919.

Landlord and tenant — when sublease does not constitute assignment of original lease — remedy of landlord upon violation of covenant by subtenant to deliver possession upon expiration of term — remedy of tenant — damages.

Where a tenant of premises sublet the same at a rental less than one-half the amount which she was paying and reserved the right of re-entry, it will not be inferred that the landlord accepted the sublessee as assignee of the lease, or that the sublease constituted an assignment of the original lease.

A violation by a subtenant of a covenant in the sublease to surrender the premises upon the expiration of the term and his holding over so far as the tenant's landlord is concerned, was the tenant's holding over, and thereupon the landlord had the right of election to regard the tenant as a trespasser or as a holding-over tenant for another year according to the terms of the original lease, as a penalty for failure to surrender possession.

If a tenant assigns a lease with the consent of the landlord and he accepts the assignee as a tenant, no further liability attaches to the original tenant in the absence of a reservation of such liability, and the remedy of the landlord is to regard the assignee as a trespasser in holding over or to elect to hold him as a hold-over tenant on the renewal of the lease by implication of law.

Where a subtenant holds over in violation of a covenant to surrender possession at the expiration of the term the tenant may dispossess him and then sue for damages for breach of the covenant to surrender.

Where a subtenant of premises covenants to deliver possession at the expiration of the term and has knowledge of a similar provision in the original lease, but refuses to deliver possession and holds over, thereby depriving the tenant of her right to use of the premises, the tenant may

recover as damages for the breach of the covenant the amount of rent which she has been compelled to pay to the landlord, although it is more than double the amount agreed to be paid by the subtenant.

APPEAL by the defendant, David E. Kennedy, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of May, 1918, granting plaintiff's motion for judgment on the pleadings, consisting of a complaint and the demurrer thereto, and adjudging that she is entitled to recover $700 and costs, and to a final judgment therefor unless defendant withdraws his demurrer and pleads over. An appeal is also taken from the order entered in said clerk's office on the 21st day of May, 1918, granting plaintiff's motion for judgment on the pleadings.

*David J. Gallert* of counsel [*Walter S. Heilborn* with him on the brief; *Albert A. Raphael*, attorney], for the appellant.

*Chase Mellen* of counsel [*Strong & Mellen*, attorneys], for the respondent.

LAUGHLIN, J.:

The plaintiff alleges that she leased the premises known as No. 41 West Seventy-first street from the estate of John Thompson for the term of three years, ending on the 30th day of September, 1917, at an annual rental of $2,100, payable in equal monthly installments, in advance; that during her tenancy and on the 30th of October, 1916, she sublet the premises to the defendant for the period of eleven months, ending on said 30th day of September, 1917, at a gross rental of $900, payable in equal monthly installments, in advance; that when defendant took the sublease of the premises he well knew that plaintiff held as a tenant of said estate and knew in general the terms of her lease thereof, and that her right to possession would terminate on said 30th of September, 1917, and that his right to possession would terminate on the same day; that defendant entered into possession under said sublease on November 1, 1916, and breached his covenant to surrender possession at the expiration of the term, and without the consent of the plaintiff omitted and refused to surrender possession and continued in possession and remained in possession when this action was commenced; that owing to

the defendant's failure and omission to surrender possession at the expiration of the sublease and to his continuance in possession thereof, the plaintiff without her consent and against her will became obligated to her landlord as a tenant holding over for the period of one year from October 1, 1917, at the same rental of $2,100 per annum, and has been compelled to pay rent to her landlord at that rate, and will be compelled to pay the full year's rental at said rate, to her damage in the sum of $2,100, for which she demands judgment. The action was not commenced until on or after January 15, 1918, and on the allegations of the complaint the plaintiff had then become liable to her landlord for the rent for four months and had paid it.

The demurrer is for insufficiency. · The leases to the plaintiff and to her sublessee were in writing and are annexed to and made part of the complaint. The lease to the plaintiff contains an express provision obligating her to surrender possession at the expiration of the term and contains a covenant on her part not to assign or sublet in whole or in part without the written consent of her landlord. The complaint contains no allegation with respect to whether she sublet with the consent of her landlord in writing, or otherwise; but the monthly rental plaintiff was paying was $175, and the monthly rental she was to receive from the defendant was only $81.82, and, therefore, it is not to be inferred that her landlord accepted the sublessee as assignee of the lease, and since it does not appear that her landlord consented to the execution of the sublease, it is immaterial whether or not the sublease as between the plaintiff and defendant constituted an assignment of plaintiff's lease (See *Schwarzler* v. *McClenahan*, 38 App. Div. 525; *Sullivan* v. *Ringler & Co., No. 3*, 59 id. 184; affd., on opinion below, 171 N. Y. 693); but I think it did not, for she reserved the right of re-entry and, as there was no reference therein to plaintiff's lease, the surrender by defendant at the expiration of the term was to be made to her. (See *Collins* v. *Hasbrouck*, 56 N. Y. 157; *Ganson* v. *Tifft*, 71 id. 54; *Post* v. *Kearney*, 2 id. 394; *Schwarzler* v. *McClenahan, supra.*) The sublease contains a like provision for the surrender of the premises at the expiration of defendant's term. This covenant he violated and his holding over, so far as the plaintiff's

landlord is concerned, was her holding over, and thereupon her landlord had the right of election to regard her as a trespasser or as a holding-over tenant for another year, according to the terms of the original lease, as a penalty for her failure to surrender possession, and the latter election was made. (*Sullivan* v. *Ringler & Co., supra; United Merchants' Realty & Imp. Co.* v. *Roth,* 193 N. Y. 570.) If she had assigned the lease with the consent of her landlord and her landlord had accepted the assignee as a tenant, then no further liability would attach to her in the absence of a reservation of such liability and the remedy of her landlord in that case would have been to regard the assignee as a trespasser in holding over or to elect to hold him as a hold-over tenant on the renewal of the lease by implication of law. (*Manley* v. *Winkler,* 75 Misc. Rep. 637; *Moore* v. *McCarthy,* 4 Hun, 261. See, also, *Kennedy* v. *City of New York,* 196 N. Y. 19; *Hinton* v. *Bogart,* 166 App. Div. 155.) But this the plaintiff's landlord in the case at bar was not obliged to do, for that would be compelling the landlord to accept as a tenant one with whom, so far as appears, he had no contractual relations. We are not now concerned with the question as to whether the plaintiff would have had a right to regard the defendant as holding over under his lease with her for she did not attempt to make such an election, and manifestly that would not have been to her advantage in view of the fact that the rent the defendant was paying was less than one-half the rent she was paying to her landlord. She might have dispossessed the defendant and then have sued for her damages for a breach of the covenant to surrender (*Sullivan* v. *Ringler & Co., supra; Eells* v. *Morse,* 142 App. Div. 592; affd., 208 N. Y. 103; *Vernon* v. *Brown,* 40 App. Div. 204; *Livingston* v. *Robb,* 61 Misc. Rep. 81), and since in such case the right of action for breach of the covenant would survive the dispossess proceeding, it necessarily exists here where the defendant has not been dispossessed. At the time the action was commenced four months' rental had become due and payable from the plaintiff to her landlord and the allegations of the complaint sufficiently show that she was obliged to pay that amount, which aggregates the amount specified in the interlocutory judgment. That amount of damages, at least, had become fixed at the time the action was brought and the plaintiff was

entitled to recover the same on the theory that by defendant's wrongful act the plaintiff had become liable therefor and had been obliged to pay the same and that defendant knew that plaintiff would become subject to such liability and furthermore that while ordinarily plaintiff's damages for the breach of the covenant to surrender would be the difference between the rent she was obligated to pay her landlord and the value of the use of the premises for the year, in the case at bar the defendant deprived the plaintiff of her right to use of the premises for the four months so that for such period the plaintiff's damages may be measured by the amount of rent she has been obliged to pay. The respondent did not appeal from the interlocutory judgment and, therefore, the only point presented for decision is whether she is entitled to recover the amount specified therein. That she is entitled to recover that amount appears to us quite clear and in the circumstances we express no opinion as to whether she would in this action have been entitled to recover more or with respect to the effect of the recovery herein on her right to recover future damages, concerning which there is room for argument inasmuch as the recovery is sought on the theory of damages for the breach of the covenant to surrender possession and not as rent. (See *Kennedy* v. *City of New York, supra.*)

The learned court at Special Term granted the interlocutory judgment on the erroneous theory that the plaintiff's right to recover was by subrogation from her landlord, but since it does not appear that her landlord consented to the subletting of the premises or recognized the defendant as a tenant, the defendant was under no contractual obligations to pay *rent* to the plaintiff's landlord, and there was no basis for subrogation on the theory that the plaintiff paid the rent which the defendant should have paid, and for this reason we deem it necessary to point out the theory on which we think the recovery can be sustained.

It follows, therefore, that the interlocutory judgment and order should be affirmed, with costs.

CLARKE, P. J., SMITH, SHEARN and MERRELL, JJ., concurred.

Judgment and order affirmed, with costs.