MARBRIDGE BUILDING CO., INC., Plaintiff, *v.* JOSEPH A. WHITE, Defendant.

(Municipal Court of the City of New York, Borough of Manhattan, Ninth District, October, 1920.)

**Landlord and tenant — failure to surrender premises at end of term — summary proceedings — when old tenant liable to landlord for damages for withholding possession — Code Civ. Pro. §§ 2231, 2235.**

Where a tenant under a lease for a definite term holds over the term without a new agreement, the landlord may treat him either as a tenant or as a trespasser.

Where a tenant fails to surrender the premises at the termination of his lease on May 1, 1920, as required by the lease, the landlord under sections 2231 and 2235 of the Code of Civil Procedure may maintain summary proceedings to remove the tenant, even though before the expiration of said lease he had let the premises to another for a term commencing May 1, 1920.

Where in consequence of the occupation of the premises by the first tenant for the twelve days next succeeding the expiration of the term, the new tenant was unable to get into possession and his lease specifically defers payment of rent until he obtains possession, the landlord, who was successful in a summary proceeding against the first tenant, is entitled to recover against him damages for the loss of the reasonable use and occupation of the premises for the twelve days and also to a reasonable counsel fee and expenses incident to the summary proceeding.

ACTION for damages against tenant for failure to surrender possession at expiration of lease.

Stein & Salant (Louis Salant, of counsel), for plaintiff.

Louis Dorfman (I. Balch Louis, of counsel), for defendant.

LAUER, J.  This is an action brought by the plaintiff, the owner of a building known as the Marbridge Build-

ing at the northeast corner of Broadway and Thirty-fourth street, New York city, to recover from the defendant who formerly was a tenant of room 424 in that building damages which the plaintiff claims it suffered as landlord by reason of the failure of the tenant to surrender possession at the expiration of the term of the lease under which the defendant held.

It appears that the tenant's lease expired May 1, 1920. The tenant having failed to remove on May first, the plaintiff as landlord instituted summary proceedings to remove the tenant therefrom. Upon the return day the tenant filed an answer and demanded a jury trial. The trial was had and a verdict rendered for the plaintiff. The defendant removed from the premises on the twelfth of May. The plaintiff claims as its damages the reasonable value of the use of the premises for twelve days, $56.16, and the fee and disbursements of counsel, $157, in connection with the summary proceedings instituted by plaintiff as landlord to remove the defendant as tenant. There is no dispute but that the defendant occupied the office in question as a dental office under a written lease expiring May first and that he occupied the same until May twelfth. It appears that on the 15th of March, 1920, the landlord entered into an agreement in writing with I. Miller & Sons whereby the plaintiff let to the said I. Miller & Sons the room occupied by the defendant for a term beginning May 1, 1920, and terminating April 30, 1921. This lease, however, contains a clause as follows:

" 11. If possession of the space covered by this lease cannot be given on or before the date of the commencement of the term, rent under this lease shall not begin until possession of the space is given or available, and such allowance of rent shall be received by

the tenant in full settlement for any claims which the tenant might otherwise have by reason of said space not being ready on said date.''

It appears that I. Miller & Sons refused to pay the rental for the twelve days during which time the defendant was in possession of the premises and that this amounted to fifty-six dollars and sixteen cents. In the answer in the summary proceeding the defendant admitted that the rental value of the premises was in excess of the amount claimed by the plaintiff for the twelve days.

When a tenant under a lease for a definite term holds over, after the expiration of his term, without a new agreement the landlord may elect either to treat him as a trespasser or wrongdoer and take proceedings to evict him or as a tenant. *Adams* v. *City of Cohoes,* 127 N. Y. 175, 182; *Phelan* v. *Kennedy,* 185 App. Div. 749, 752.

The lease between the plaintiff and the defendant required the defendant to surrender the premises at the termination of the lease together with any alterations, additions or improvements made by either of the parties. The tenant failed to do this. The landlord thereupon instituted summary proceedings to remove the tenant as a person holding over after the expiration of his term. The landlord had the right to maintain these proceedings even though he had let the premises to another for the term commencing May 1, 1920. *Eells* v. *Morse,* 208 N. Y. 103. This remedy is conferred by section 2231 and section 2235 of the Code of Civil Procedure.

As stated in the opinion of the Court of Appeals in this case, the landlord has the remedy under such circumstances because he has the right of possession as against the tenant holding over (*Whiting* v. *Ed-*

*munds,* 94 N. Y. 309), and the tenant cannot be heard to say otherwise.

The second tenant does not have the remedy against the prior tenant because it is given only in cases where the conventional relation of landlord and tenant exists between the parties (*Benjamin* v. *Benjamin,* 5 N. Y. 383; *People ex rel. Mitchell* v. *Simpson,* 28 id. 55), and such relation does not exist between the two tenants.

It is claimed by counsel for the defendant that there was no obligation on the part of the landlord to remove the tenant. Counsel cites the case of *United M. Realty & Imp. Co.* v. *Roth,* 193 N. Y. 570, in support of his contention, but this case is distinguished in the case of *Eells* v. *Morse,* just cited. As stated in the opinion of the court in the latter case: " The subject of summary proceedings and the limitations placed upon that remedy, was not under consideration and did not enter into the decision at all." The plaintiff, therefore, having a right to dispossess the defendant as a hold over has a right to maintain this action for damages for the breach of the covenant to surrender. *Phelan* v. *Kennedy,* 185 App. Div. 749, 752. In such a case the right of action for breach of the covenant would survive the dispossess proceeding. *Phelan* v. *Kennedy, supra.*

The tenant claims that he is not subject to damages because of the provisions of section 223 of the Real Property Law, which provides: " The grantee of leased real property, or of a reversion thereof, or of any rent, the devisee or assignee of the lessor of such a lease, or the heir or personal representative of either of them, has the same remedies, by entry, action or otherwise, for the nonperformance of any agreement contained in the assigned lease for the recovery of rent, for the doing of any waste, or for other cause of

Municipal Court of New York, October, 1920.   [Vol. 113.

forfeiture as his grantor or lessor had, or would have had, if the reversion had remained in him.   A lessee of real property, his assignee or personal representative, has the same remedy against the lessor, his grantee or assignee, or the representative of either, for the breach of an agreement contained in the lease, that the lessee might have had against his immediate lessor, except a covenant against incumbrances or relating to the title or possession of the premises leased. This section applies as well to a grant or lease in fee, reserving rent, as to a lease for life or for years; but not to a deed of conveyance in fee, made before the ninth day of April, eighteen hundred and five, or after the fourteenth day of April, eighteen hundred and sixty.''

As stated in the opinion of Chief Justice Cullen of the Court of Appeals in *United M. Realty & Imp. Co. v. Roth, supra:* '' The situation of a lessee is very different in this state and most of the other states in the Union from that in England.   There the landlord is bound to give possession to his tenant.   (*Coe v. Clay,* 5 Bing. 440.)   ' He who lets agrees to give possession, and not merely to give a chance of a law suit.' Here the law seems the reverse.   In *Gardner v. Keteltas* (3 Hill, 330) it was held: '* * * it is not the duty of the landlord, when the demised premises are wrongfully held by a third person, to take the necessary steps to put his lessee into possession.   The latter being clothed with the title by virtue of the lease, it belongs to him to pursue such legal remedies as the law has provided for gaining it, whether few or many.' ''

The lease in question as has been pointed out specifically defers the payment of rent on the part of the tenant until possession of the space is given or is made available to the tenant by the landlord.   There-

fore the obligation of the landlord in this case is rather different from what it would be in the case where the premises were leased to a tenant under a lease which failed to contain the clause such as before quoted.

It would seem, therefore, that by reason of the act of the defendant in failing to move from the premises at the expiration of his lease the plaintiff was damaged to the extent of the loss of the reasonable use and occupation of the premises for the twelve days during which the defendant was in possession and the new lessee was unable to get into possession, which amounts to $56.16, and also to the cost of counsel fee and expenses incident to the summary proceedings commenced to recover possession of the premises. While the testimony of the plaintiff's counsel in regard to the value of his services in the case is undisputed, nevertheless I think that $100 would be fair compensation for the work done in connection with these proceedings. I allow, therefore, $100 for counsel fee and $7 disbursements claimed to have been made. Plaintiff will, therefore, be entitled to judgment for $163.16.

Judgment accordingly.