Per Curiam.

Appellants, former tenants of commercial space, have been held liable to the landlord for rent of the premises for a period after the tenants had removed but during which a subtenant remained in possession of part of the premises. The main lease was for a term expiring September 14, 1945. The sublease, with the consent of the landlord, ran for one day longer. Both the tenants and subtenant continued in possession, under the emergency rent laws, after the expiration of their terms. The tenants vacated on July 14, 1947, while the subtenant continued in possession of its portion of the premises. The landlord instituted this proceeding against the tenants and subtenant to recover possession of the entire premises for nonpayment of rent for the period from June 15 to August 14, 1947.
The subtenant, State of New York, appeared specially and successfully moved to dismiss the petition on the ground of its sovereign immunity. Final order was awarded the landlord against the tenants, directing judgment for the two months’ rent. The judgment has been upheld on the theory and authority of cases holding that where a subtenant holds over after the expiration of the tenants’ term, the holding over is chargeable to the tenants and entitles the landlord to treat the tenants as holding over (Schwarzler v. McClenahan, 38 App. Div. 525; Phelan v. Kennedy, 185 App. Div. 749).
We are of the opinion that the principle of these cases is not applicable to the present situation created and governed by the emergency rent laws. The ordinary responsibility of a tenant for a subtenant rests on the premise that the rights of the subtenant flow from the tenant and are of the tenant’s creation, and that the tenant can require the subtenant to vacate at the end of his term. Under the emergency rent laws, however, the subtenant has independent rights of statutory creation which the tenant cannot control. By definition, a subtenant is a “ tenant ” under the emergency rent laws (L. 1945, ch. 3, § 2, subd. [i]; L. 1945, ch. 314, § 2, subd. [e]) and entitled to continue in possession of his space during the declared emergency, so long as he pays the emergency rent for that space (Tighe v. Sinclair Refining Co., *215 274 App. Div. 22; 214 West 39th St. Corp. v. Miss France Coats, Inc., 274 App. Div. 597; City Textile Printing Corp. v. Zenith Grainer & Litho Corp., 275 App. Div. 800). We think that the tenants should not he chargeable with the subtenant’s occupancy under the emergency rent laws where that occupancy is by virtue of the subtenant’s availing himself of rights granted by law.
There is a further ground supporting the independent right of the subtenant in this case. The lease of the subtenant was for a day beyond the expiration of the main lease. At the expiration of the main lease, the subtenant came into possession as a tenant of the landlord. It thereby also came into a tenant’s rights under the emergency rent laws.
We conclude, therefore, that the tenants aré not liable for rent for any period after they removed from the premises. Admittedly the tenants owe rent for the month from June 15 to July 14, 1947, and the judgment should be modified to cover only that month’s rent, with costs to the appellants.
Peck, P. J., Dore, Cohn, Van Voorhis and Shientag, JJ., concur.
Determination unanimously modified so as to cover rent only for the month from June 15 to July 14,1947, and, as so modified, affirmed, with one bill of costs and disbursements to the appellants. Settle order on notice. [See post, p. 921.]