Eder, J. (dissenting).
The tenant appellant is in occupancy and possession of the space involved in these proceedings as a statutory tenant, after expiration of two leases under which the premises were demised by the owners of the buildings 248 and 250 West 80th Street, Manhattan, consisting of two but separate and entire structures, each having a separate entrance-way. The space demised at 248 was of the entire building and at 250 the demised space was all the space consisting of the ground floor thereof.
On July 31, 1950 the owners entered into a lease with the respondent herein, N. R. M. Garage Corp., as tenant, whereby they let and demised to it the entire said premises 248 and 250 West 80th Street, for the term of 21 years, commencing October 1, 1950, subject to the option of said lessee, N. R. M. Garage Corp., to cancel the lease, as provided by paragraph 37 thereof.
Paragraph 37 recites that the tenant appellant herein is in occupancy and possession of the afore-mentioned premises, and provides that respondent may terminate the lease in the event it shall be unable with due diligence to obtain possession of the premises “from the present tenant” (appellant herein), either by agreement with it, or, in lieu thereof, by an order of a court of competent jurisdiction, pursuant to the provisions of paragraph (2) of subdivision (d) of section 8 of the Commercial Rent Law (L. 1945, ch. 3, as amd.) or any other relevant statute.
Respondent, unable to obtain possession of the premises from appellant, by agreement with it, thereupon instituted the two summary proceedings in concern, covering the mentioned premises, and, after trial, obtained final orders awarding it possession of the premises, and these appeals result.
The petitions are similar in allegations, except that one relates to the space at 248 and the other to the space at 250 West 80th Street.
*218 The respondent describes itself as the “ landlord ” of the premises. It alleges that it entered into the lease for a term of 21 years, as mentioned, and that by virtue thereof it is the “landlord” of the premises; that appellant is in possession as a statutory tenant after the expiration of the term, without permission of the respondent, as landlord, or of the former landlords and owners. It is then averred that appellant was duly notified of said lease to respondent and that it desires the premises for its immediate and personal use; that it formally demanded possession from appellant and that it has refused to deliver up possession; that respondent is entitled to possession pursuant to the provisions of the emergency space rent control law, and a final order is prayed for awarding possession to respondent and for appellant’s removal from the premises. Oral answers were interposed, consisting of a general denial.
Prior to the trial, motions were made by tenant appellant, in each proceeding, to dismiss the petition upon the ground that the court below lacked jurisdiction of the subject matter and that the petition was insufficient as a matter of law.
Bach such motion was denied. Upon motion by the respondent, the court below struck out appellant’s demand for a jury trial in each proceeding.
The orders entered upon the afore-mentioned motions are brought up for review upon the appeal from the final orders.
The ultimate conclusion is reached that the final orders must be reversed and the petitions dismissed, and hence a review of the orders entered on said motions and the question of the correctness of the rulings of the court below, thereon, present academic questions.
Various contentions are advanced by the tenant appellant for reversal; the following two only are deemed necessary for discussion: (1) That the respondent is not a “lessee” contemplated by and within the intent of said section 8 (subd. [d], par. [2]); and (2) that even if the respondent is a lessee coming within the ambit of this enactment, nonetheless it is without authority to institute and maintain summary proceedings under the provisions of section 1414 of the Civil Practice Act, in that only an owner or lessor may institute and maintain the same, and that respondent’s sole remedy, if any, is by action in ejectment.
I believe these points to be sound.
Under the provisions of section 8, a statutory tenant whose lease or other rental agreement has expired or otherwise terminated may continue in occupancy and possession and may not bp reproved froni any commercial space so long as he cop *219 tinues to pay the rent to which the landlord is entitled under the provisions of the act, subject to certain exceptions therein set forth.
This “ right ” of the statutory tenant to continue in possession, as it is sometimes termed, but which is, in reality, but a qualified privilege to remain, is withdrawn in certain instances, one being that mentioned in section 8 (subd. [d], par. [2]), and such tenant may be removed, where “ (2) Possession is sought by a person who is the lessee of an entire building for a term of twenty-one years or more who seeks in good faith to obtain possession of the commercial space for his immediate and personal use.”
The language of the statute is express; the lease must he for a definite term of “ twenty-one years or more ”, which means for a term of not less than 21 years. It is my view that this provision and such phraseology contemplate a nonterminable demise for such period, and this, I believe, was the legislative intent.
In 551 Fifth Ave. v. Wellingbrooh (199 Misc. 500, affd. 278 App. Div. 694) a comparable case, a construction of paragraph (5) of subdivision (h) of section 8 of the Business Rent Law (L. 1945, ch. 314, as amd. by L. 1950, ch. 326) was involved. That enactment authorizes the landlord to remove a statutory tenant of business space and to recover possession where “ (5) The landlord in writing executed and delivered a lease of the entire building or other rental area for a term of not less than ten years and the tenant named in said lease has demanded in writing from the landlord possession of such building or other rental area for his own and immediate use under the terms of said lease.”
In that case the landlord, on November 6, 1944, leased the premises involved for a term of 10 years. There were tenants in possession, and both the landlord and lessee recognized the need of the landlord to make such arrangements with the tenants in possession as to enable the landlord to deliver possession of the premises to the lessee, who desired prompt possession as a condition for entering into the lease.
To that end the parties agreed, as appeared from paragraph 34 of the lease, that on or before December 1, 1944, the landlord should submit to the lessee evidence that agreements or other arrangements had been made so as to enable the landlord to deliver possession of the demised space to the lessee. Paragraph 34 of the lease further provided: “ If such submission is not made, this lease shall be deemed cancelled, and neither party shall then have any claim against the other by reason thereof.” *220 The landlord was unable to meet the requirements prescribed in paragraph 34 and was unable to deliver possession to the lessee, and instituted summary proceedings in an endeavor to obtain possession for the lessee.
It was there held, inter alia, that upon the landlord’s failure to comply with the requirements of paragraph 34 of the lease, it resulted in the cancellation of the lease. As to the right of the landlord to invoke paragraph (5) of subdivision (h) of section 8, it was held that this right was dependent upon the existence of an effective lease for a term of 10 years. There the lease was by its terms terminable before the expiration of the 10-year period. The lease, in consequence, was not for a term of not less than 10 years and hence it was not within the purview of the act.
In that case, as in this, there was the right to terminate the lease before the expiration of the term fixed by the act. While that case involved business space and this one involves commercial space, I perceive of no distinction in legal principle between that case and the one at bar.
The use in a statute of such phrases as “ at least ”, ' ‘ equal to ”, “ not less than ”, “ or more ”, denotes legislative fixation of a definite minimum or maximum, as the case may be; and where such a statutory minimum or maximum fixation period is prescribed it cannot be lessened or enlarged at the will of the parties. The legislative mandate controls.
So, here, where the Legislature has expressly declared that the lease must be for a term of “ twenty-one years or more ”, it is the equivalent of “ at least ” or “ not less than ” 21 years. Such expressions in the statute are, as I view it, intended as a rigid requirement. This is the whole scope and design of the act, as is exemplified by the use of the phrase “ not less than ”, which is many times employed in the various parts of both the Commercial and Business Bent Laws (L. 1945, ch. 3, as amd.; L. 1945, ch. 314, as amd.).
This fixation of a prescribed minimum term of the lease is a mandatory requirement, and it is my conclusion that it was definitely not the legislative design that the landlord or lessee should have any discretion to shorten the minimum term of the lease as fixed by the Legislature.
If this construction is not to obtain, it operates, in my opinion, as an evasion of the legislative scheme and intent, and a construction of this provision should not be sanctioned which will permit the parties to elude the manifest legislative intent.
The lease in question is not one unreservedly binding upon the parties and unconditionally committing them to a lease for *221 a term of 21 years, but is cancelable at the option of the respondent, as lessee, if possession is not obtained, and hence is not, in my opinion, the type of lease, nor is the respondent the type of lessee, contemplated and intended by said paragraph (2) of subdivision (d) of said section 8 of chapter 3 of the Laws of 1945 as amended.
Respondent was, therefore, without standing or right to invoke the provisions of this enactment.
Assuming, arguendo, the lease is one coming within the ambit of this enactment, I am yet unable to reach the conclusion that respondent, as lessee, may institute and maintain summary proceedings under the authority of subdivision 1 of section 1414 of the Civil Practice Act.
Section 1414 prescribes who may institute and maintain such proceedings; among those qualified are landlord or lessor of the demised premises (subd. 1). Respondent herein is neither owner nor lessor. To come within the statutory recognition, it must occupy the status of landlord as between it and the tenant appellant, and this is not the case. Admittedly, neither recognized the existence between them of a landlord and tenant relationship. Such a relationship must exist to authorize resort to the provisions of subdivision 1 of section 1414.
In Eells v. Morse (208 N. Y. 103) it is pointed out that such a relationship is requisite; and it is there held that a landlord may maintin summary proceedings against a tenant who holds over although he has executed another lease to begin upon the expiration of the former term, and that the tenant under the new lease cannot maintain the proceedings, since the conventional relationship of landlord and tenant does not exist between them. (See, also, Marbridge Bldg. Co. v. White, 113 Misc. 210, mod. 115 Misc. 320; Cannon v. Gordon, 181 Misc. 950.)
It seems clear, therefore, that if respondent has any remedy at all, it is an action in ejectment (Hatem v. Wiederhorn, 197 N. Y. S. 835), assuming it has the right to possession.
Respondent contends, however, that as a lessee coming within the purview of paragraph (2) of subdivision (d) of section 8, it has the same status, rights and remedies to recover possession as are available to and possessed by an owner. To support this premise, reference is made to the report of the Temporary State Commission to study rents and rental conditions, containing suggestions and recommendations for proposed legislation, and wherein is to be found the statement: “ 6 — A lessee of an entire building for 21 years or more is given the same rights as owners to recover possession for its own use.” (N. Y. Legis. Doc., 1950, No. 49.)
*222 Whatever might have been the view of the commission or its suggestion in that regard as to the proposed legislation it recommended, same was not specifically enacted and there is nothing in the language of paragraph (2) of subdivision (d) of section 8 which indicates that such a lessee is accorded the same rights and remedies which are available under the provisions of subdivision 1 of section 1414 of the Civil Practice Act. •
It is a fair deduction and conclusion, I think, that if it was the legislative intent to vest a 21-year lessee with these rights and remedies, that such intent would have been plainly indicated and expressly declared.
Paragraph (2) of subdivision (d) of section 8 merely gives to a lessee of an entire building for a term of 21 years or more, who seeks in good faith to obtain possession of the commercial space for his immediate and personal use, the right to recover possession, which right such a lessee did not have prior to the enactment of this provision.
However, it does not attempt to prescribe what remedy such lessee may invoke to recover possession; nor does it attempt to vary, alter or amend the provisions of the Civil Practice Act as to summary proceedings to recover possession of real property; nor is there anything indicating that such a lessee is intended to be included within the provisions of section 1414.
Article 83 of the Civil Practice Act is the sole statutory authority governing the institution and maintenance of summary proceedings to recover the possession of real property. As shown, the respondent’s status is is not that of a landlord as between it and the tenant appellant herein. It, therefore, does not come within the classes specified in section 1414 as qualified to institute and maintain summary proceedings. It, therefore, was without authority or right to institute and maintain the instant summary proceedings.
For the reasons hitherto set forth the final orders and intermediate orders appealed from should be reversed, and final orders directed in favor of the tenant appellant, dismissing the petitions and proceedings, with $30 costs as of one appeal.
Hammer and Schreiber, JJ., concur in Per Curiam; Eder, J., dissents in opinion.
Orders affirmed.